## *In re* SPENCER.

(*District Court, D. Kansas.* January 30, 1889.)

DESERTION FROM MILITARY SERVICE—JURISDICTION—MINORS.

As enlistment of a minor in the military service of the United States is voidable only, and not void, a court-martial has jurisdiction to try him for desertion, and its finding cannot be reviewed by the civil courts.

On Petition for *Habeas Corpus.*

*William F. Linn*, for petitioner.

*W. C. Perry*, U.S. Dist. Atty., and *Arthur Murray*, Acting Judge Advocate, for respondent.

FOSTER, J., (*orally.*) This is a *habeas corpus* proceeding, instituted by Charles E. Spencer, alleging in his complaint that he is unlawfully restrained of his liberty, and held in custody at the military prison at Fort Leavenworth by Capt. J. W. Pope, United States army. The complainant charges that he is illegally restrained of his liberty, and further charges that he is held in custody by virtue of the sentence of a court-martial held at Fort Keogh, Mont., in the month of June in the year 1888, and by sentence of which court he was ordered confined in the military prison for the period of four years. He further alleges in his complaint that said court-martial had no jurisdiction to try him for the offense for which he was tried,—that is, the offense of being a deserter; and that the sentence of that court is absolutely null and void for this reason: that at the time of his enlistment he was a minor, being under the age of 21 years, and that he was enlisted against the wishes and consent of his parents. The return of Capt. Pope to this writ shows substantially the following facts: That the complainant, Charles E. Spencer, was enlisted on the 27th day of July, 1885, for a period of five years. That at the time of his enlistment he took the oath required by the military regulations as to his age, and therein stated that he was over the age of 21 years. On the descriptive list he is carried as being at that time 22 years. That he remained in the military service under this enlistment until the 11th day of April, 1888, at which time he deserted the military service. That he was arrested on the 11th day of May following, and appeared before the court-martial aforesaid upon the charge of desertion. That he was found guilty of such charge, and was sentenced to be dishonorably discharged the service of the United States, and that he be confined in the military prison at Fort Leavenworth, Kan., for the period of four years; and that the respondent, as the commandant of said prison, and in pursuance and by virtue of the sentence of this court-martial, now holds the complainant in his custody and control. The respondent contends that this court can only go so far in determining this question as to decide whether the court-martial acted within the scope of its powers and its jurisdiction. In fact, substantially all that is claimed for this court by counsel for the complainant is that

this court has the power and authority, in the investigation of this case, to determine the question whether the court-martial did act within the exercise of its power and jurisdiction in trying this man for desertion, and imposing the sentence it did. It has been repeatedly adjudicated, and is well decided, that courts-martial are tribunals having their own powers and jurisdiction, and that, while acting within the scope of their jurisdiction and powers, their judgments and decrees cannot be reviewed by the civil courts. If the courts-martial act entirely without jurisdiction, the civil courts do inquire into the cause of the imprisonment of the party held under sentence of the court, and do adjudicate and decide whether these courts have acted within the scope of their power and jurisdiction; and if the court finds that they have not acted within the scope of their power and jurisdiction in imposing their sentence, then the civil courts will discharge the parties held by virtue of such sentence and orders.

Assuming it to be a fact that this complainant when he was enlisted was under the age of 21 years, that he deserted the service as has been stated, that he was arrested and brought before the court-martial for that desertion, the question presented to this court is this: Did the court-martial have jurisdiction to try the complainant on that charge, and pass the sentence it did? It is contended on the part of the complainant here that, inasmuch as he enlisted when he was under 21 years of age, his enlistment was absolutely void; that he never in reality entered into the military service of the United States; that he never became a part of the military service or establishment of the United States, and the court was entirely without power and jurisdiction. I do not think that position can be maintained. The authorities which have been read to me seem to establish very conclusively this rule: that the enlistment of a minor is voidable, not necessarily void; and that he does really become by such enlistment, although under age, engaged in the service of the United States, and subject to the power and jurisdiction of the military authorities; and, such being the case, the court-martial had jurisdiction to arrest and try him for the charge of desertion. The following authorities sustain this position: *In re Bogart*, 2 Sawy. 397; *In re White*, 17 Fed. Rep. 723; *In re Davison*, 21 Fed. Rep. 618; *In re Wall*, 8 Fed. Rep. 85: *In re McVey*, 23 Fed. Rep. 878; *Ex parte Anderson*, 16 Iowa, 595; *McConologue's Case*, 107 Mass. 154; *Ex parte Reed*, 100 U. S. 13; *Wales* v. *Whitney*, 114 U. S. 564–570, 5 Sup. Ct. Rep. 1050; *Smith* v. *Whitney*, 116 U. S. 177, 6 Sup. Ct. Rep. 570. Further than that, in this case the complainant offers to show that he would not have become 21 years of age until the 5th day of October, 1887. If that fact was made to appear, still he was over 21 years of age at the time of his desertion, which, to my mind, would raise another serious question. Even if the position of the complainant was otherwise well taken, whether or not a party who remains in the service without objection until after he is 21 years of age, and then deserts, the offense of desertion being committed after he has attained his majority, could then question his amenability to the jurisdiction of the court-martial, presents, to my mind, a serious question.

However that may be, the authorities which I have before recited virtually decide that a court-martial in cases of this kind has jurisdiction to try the soldier for desertion, and that its finding cannot be reviewed by the civil courts. Both on reason and authority this case presents quite a different question from that where the parents of a minor make application for his release from the military service on the ground of his minority. The complainant in this case will be remanded to the custody of Capt. Pope.