*In re* DOHRENDORF *et al.*

*(Circuit Court, D. Kansas.* February 21, 1889.)

DESERTION FROM MILITARY SERVICE—SOLDIERS—MINORS.

One who remains in the military service of the United States for more than two years after attaining his majority, receiving pay therefor, is within the meaning of Rev. St. U. S. p. 234, art. 47, providing that "any  *  *  *  soldier who, having received pay, or having been duly enlisted in the service of the United States, deserts the same, shall  *  *  *  suffer  *  *  *  any punishment  *  *  *  which a court-martial may direct," and the court-martial's finding cannot be reviewed on *habeas corpus*, though his enlistment was void because of his minority.

On Petition for *Habeas Corpus.*

*C. W. F. Dassler*, for petitioners.

*Arthur Murray*, Acting Judge Advocate, and *W. C. Perry*, U. S. Dist. Atty., for respondent.

BREWER, J.  The petitioner August W. Dohrendorf is in the military prison, under sentence of a court-martial, for the crime of desertion. The single question is as to the jurisdiction of that court.  He enlisted November 23, 1884, being then a minor, aged 20 years and 9 months. His parents were living, and did not consent to his enlistment.  He continued in the service until October, 1887, when he deserted.  This petition for his discharge is brought by his mother and himself.  Questions of the right of a party to a discharge from the military service, who enlisted as a minor between the ages of 16 and 21, without the consent of his parents or guardians, have been frequently before the courts, and some very careful and elaborate opinions prepared thereon. I shall therefore enter into no discussion of the question here presented, but simply state my conclusions.  Article 47 of the rules and articles of war (Rev. St. U. S. p. 234) provides that—

"Any officer or soldier who, having received pay, or having been duly enlisted in the service of the United States, deserts the same, shall, in time of war, suffer death, or such other punishment as a court-martial may direct; and in time of peace, any punishment excepting death, which a court-martial may direct."

Assuming that the contract of enlistment was void, and that he or his parents could at any time have avoided it, yet, three months after his enlistment, he became of age, and from that time the control of his parents and their right to his services ceased.  He was his own master. He continued in the service for more than two years thereafter, receiving pay for his services.  He comes, therefore, within the letter of the article, as a soldier who had received pay.  As such he was amenable to the jurisdiction of the court-martial, and its judgment cannot be thus collaterally questioned.  *In re Zimmerman*, 30 Fed. Rep. 176, and cases cited in the opinion; *In re Hearn*, 32 Fed. Rep. 141; *In re Spencer, post*, 149, (district court of Kansas, opinion recently filed by FOSTER, J.,) and cases cited therein.  The petition will be denied, and the prisoner remanded.