*In re* GRIMLEY.

*(Circuit Court, D. Massachusetts. March 12, 1889.)*

1. ARMY AND NAVY—MILITARY TRIBUNALS—JURISDICTION—REVIEW ON HABEAS CORPUS.

On *habeas corpus,* the United States circuit court has jurisdiction to determine whether the military tribunal which tried the petitioner had jurisdiction; and the general finding of the military court that the petitioner was in the military service of the United States when he committed the crime of desertion, for which he was tried, is no bar to an inquiry into the military court's jurisdiction.

2. SAME—DESERTION—VOID ENLISTMENT.

By Rev. St. U. S. § 1116, men must be between the ages of 16 and 35 in order to be proper subjects of military service. Petitioner was more than 40 at the time of enlistment. He did not enter into any service, or discharge any duties as a soldier, but left the recruiting office, or was permitted to depart, and was not in the actual control of the military officers till his arrest for desertion. *Held,* that the enlistment was void, as the petitioner was not a proper subject of military service, and that the military tribunal had no jurisdiction.

Appeal from District Court.

Petition of John Grimley for *habeas corpus.* From an order of the district judge discharging the prisoner, respondent appeals.

*Henry W. Putnam,* for petitioner.

*Thomas C. Talbot,* Asst. U. S. Dist. Atty.

COLT, J. The case *In re John Grimley* arises on writ of *habeas corpus,* and comes here on an appeal from the district court. The first and most important issue in the case raises the question of the jurisdiction of the military tribunal who tried the petitioner. Section 1116 of the Revised Statutes requires that men must be between the ages of 16 and 35 in order to be proper subjects of military service. It turns out in this case as a matter of fact that this petitioner was more than 40 years old at the time of his alleged enlistment. It is not claimed that he entered into any service, or discharged any duties, as a soldier. Whatever took place in the recruiting office at the time of his alleged enlistment, Grimley left the office, or was permitted to depart, and was not thereafter in the actual control of the military officers till his arrest on the charge of desertion. This is not the case of a person who, after some form of enlistment, has entered upon actual service in the army, and has departed therefrom. The jurisdiction of the military tribunal in this case depends upon the validity of the enlistment alone. Now, I cannot but think that under these circumstances the fact that Grimley was over 40

years of age at the time of the alleged enlistment renders the enlistment void. The military tribunal could not acquire jurisdiction over the petitioner for the purpose of punishing him for desertion, because he was not a proper subject for, and had not entered upon, actual military service.

It is admitted by the counsel for the defendant that the civil courts have power to inquire into the jurisdiction of military tribunals, and that is a proposition beyond dispute. The position taken by the respondent here is that, the military tribunal having found that the petitioner was in the military service of the United States, it is not open to this court to review that finding. It does not appear from the record that the military court entered specifically into the question of the age of the petitioner at the time of his enlistment. The court do not find as a fact that he was within the ages called for by the statute, but the district attorney says that this may be inferred from the fact that he was found by the military tribunal to be in the military service of the United States. It is further argued that this finding cannot be attacked in a collateral proceeding like the one before us, but that it can only be reviewed by the military tribunal itself, or by an appellate court, and that this court does not occupy the position of an appellate court. In considering the point now raised, it must be borne in mind that we are dealing with a question of jurisdiction. We are not denying the right of a military tribunal to punish a deserter, or to exercise the rights and powers given to such tribunals under the statute. It is not a question of mere irregularity in the form or mode of proceeding, which might properly be corrected by the court which committed such error, or by an appellate tribunal; but it is a question which goes to the very foundation of the proceedings before the military tribunal, for, if that tribunal did not have jurisdiction, then its acts are absolutely null and void, and they may be attacked in any collateral suit. For example, the non-appointment in a civil suit of a guardian *ad litem* for an infant would be irregular, but the irregularity must be corrected by the court itself, or by an appellate court. The judgment or decree in the case would not be void, and could not be attacked in a collateral suit. On the other hand, if the minor had not been served with process, so as to bring him within the jurisdiction of the court, the whole proceeding would be absolutely void, and could be attacked in any collateral action. Where the court has no jurisdiction over the person or subject-matter, its judgment is void everywhere. Where the judgment is only voidable from irregularity, it is necessary to go to the court itself where the action is pending, or to the appellate court, to have the error corrected. The general finding of the military court that the petitioner was in the military service of the United States can be no bar to an inquiry into a jurisdictional fact. Otherwise the findings of military tribunals in respect to all jurisdictional questions would be a bar to any proceedings on the part of the civil court. It seems to me that such a doctrine strikes at the foundation of the right of the civil courts to inquire into the jurisdiction of military tribunals. It is saying, in effect, that all a military tribunal has to do to prevent

any inquiry by a civil court is for itself to find that it had jurisdiction. I am clear in my mind that under this petition this court has a right to determine whether the military tribunal had any lawful jurisdiction over the petitioner at the time. Under the law regulating enlistments it seems to me that the petitioner was not a proper subject for military service, and therefore it follows that the military tribunal never acquired any jurisdiction over his person, and that its acts are void. The order of the district judge discharging the prisoner should be affirmed.