## In re KAUFMAN.

*(Circuit Court, D. Maryland. April 21, 1890.)*

ARMY—PRIVATES—ENLISTMENT OF MINORS—DESERTION—HABEAS CORPUS.

A minor who enlists in the United States army upon his representation that he is of age, and receives pay and clothing, and afterwards deserts, and is arrested as a deserter, and at the time of his petition is held by the United States awaiting trial by a court-martial for the crime of desertion, will not be released, under a writ of *habeas corpus*, upon the ground that, being a minor, his enlistment was unlawful, and contrary to the Revised Statutes of the United States.

*(Syllabus by the Court.)*

Petition for Writ of *Habeas Corpus.*

*T. C. Ruddell*, for petitioner.

*Thos. G. Hayes*, U. S. Atty., for United States.

BOND, J. Henry Kaufman files this petition, for the writ of *habeas corpus*, for the release of his son, an enlisted soldier in the army of the United States, who is now at Fort McHenry. It appears from the petition and the proof also, that Oscar J. Kaufman enlisted in St. Augustine, Fla., in the year 1888, and deserted March 20, 1890, came to Baltimore, where he was born, and was there arrested, and is now held by the military authorities of the United States, and is ordered before a court-martial sitting at Fort McHenry for trial as a deserter. It is also in proof that, although Kaufman stated he was 21 years of age at the time of his

enlistment, he had not reached his majority by a few months. It also appears that after his enlistment he received both clothing and pay as a soldier in the service.

By the Revised Statutes, tit. 14, § 1117, it is provided that no person under the age of 21 years shall be enlisted or mustered into the service, without the consent of his parents or guardians, provided he has such, entitled to his custody or control; and by section 1118 it is provided that a minor under 16 shall not be enlisted, even with such consent. By section 1342, art. 47, of same title, it is provided that any soldier who, having received pay, or having been duly enlisted into the service of the United States, deserts the same, shall in time of war suffer death, and in time of peace any punishment, less than death, which a court-martial may award.

Kaufman was a soldier in the army, though improperly there; but he was not authorized to determine the legality or illegality of his service himself, by deserting it. To say that a soldier placed on picket, finding his service less agreeable than he had imagined, may expose his fellows to surprise and destruction by walking away, and be excused because he was of opinion he was improperly enlisted, and that his parents would have objected to it if he had consulted them, would destroy all discipline in the service; and it was this state of affairs that section 1342, art. 47, was enacted to prevent. If he be in the service, and takes pay as a soldier, whether he was properly enlisted or not, if he desert, he is liable to be tried and punished by court-martial. The party, Kaufman, is not entitled to be discharged under the writ, and must be returned to his command; and it is so ordered.