SOLOMON, Sheriff, v. DAVENPORT.

(Circuit Court of Appeals, Fourth Circuit. May 17, 1898.)

No. 264.

1. BILL OF EXCEPTIONS—NECESSITY IN HABEAS CORPUS CASES.
   On appeal from the order of a district judge in a habeas corpus case, no bill of exceptions is necessary.

2. ARMY AND NAVY—ENLISTMENT OF MINORS.
   Rev. St. § 1117, requiring the consent of the parents or guardian of a minor, to validate his enlistment into the army, is for the benefit of the parent or guardian, and gives no privilege to the minor.

**3. SAME—DESERTION BY MINOR.**
A minor who enlists in the army without the consent of his parents or guardian, and subsequently deserts, is amenable to a court-martial, as a deserter.

Appeal from the District Court of the United States for the Eastern District of Virginia.

W. R. Davenport was being held under a warrant for desertion from the army, and was ordered released on habeas corpus, from which order the United States appeals.

B. Rand Welford, Asst. U. S. Atty.
Minetree Folkes, for appellee.

Before SIMONTON, Circuit Judge, and MORRIS and BRAWLEY, District Judges.

SIMONTON, Circuit Judge. This case comes up on appeal from decision of the Honorable Robert W. Hughes, district judge of the United States for the Eastern district of Virginia. W. R. Davenport, the appellee, a minor of the age of 20 years, enlisted in the army of the United States. He is a native of the state of Virginia, and a resident of Henrico county, in said state. He enlisted in the month of August, 1896, and deserted the army on the 12th of January, 1897. He was arrested by the sheriff of Henrico county, as such deserter, under a warrant of a United States commissioner, and was lodged in jail. Thereupon he sued out a writ of habeas corpus before the Honorable Robert W. Hughes, district judge for the Eastern district of Virginia, praying his discharge. The ground of his prayer is that he enlisted, a minor, without the consent of his parent or guardian. His petition admits both his enlistment and his desertion. The return of the sheriff to the rule sets forth the commitment under the authority of a commissioner of the district court on the charge of desertion. The cause was heard by the district judge on the petition, return, and the evidence adduced. The prisoner was discharged on the ground that he was not lawfully and properly enlisted in the army of the United States, and his imprisonment therefore is unlawful. An appeal was taken and allowed to this court, and the case is here on assignments of error.

At the hearing before this court, counsel for the petitioner entered a motion to dismiss the appeal because no exceptions were taken at the trial, and because no bill of exceptions appears in the record disclosing the evidence then heard. Section 763 of the Revised Statutes of the United States, provides that an appeal shall lie from a decree of the district court in cases of habeas corpus. And the act establishing this court makes provision, also, for an appeal in like cases. No bill of exceptions is required in cases brought up on appeal. Besides this, the errors assigned are for matters appearing in the record, and in such cases no bill of exceptions is necessary. Young v. Martin, 8 Wall. 354. The motion is overruled.

The petition in this case is by the minor himself, not by his parent or guardian. Section 1116 of the Revised Statutes authorizes the enlistment of recruits into the army with men between the ages of

16 and 35. Section 1117 requires, in the case of enlistment of men under 21 years of age, the written consent of his parent or guardian, provided such minor is under the control and in the custody of his parent or guardian. The supreme court of the United States, in Morissey's Case, 137 U. S. 157, 11 Sup. Ct. 57, construing this last-named section, says:

"But this provision is for the benefit of the parent or guardian. It means simply that the government will not disturb the control of parent or guardian over his or her child without consent. It gives the right to such parent or guardian to invoke the aid of the court, and secure the restoration of a minor to his or her control, but it gives no privilege to the minor. The age at which an infant shall be competent to do any acts or perform any duties, military or civil, depends wholly upon the legislature. U. S. v. Bainbridge, 1 Mason, 71, Fed. Cas. No. 14,497; Wassum v. Feeney, 121 Mass. 93, 95. Congress has declared that minors over the age of sixteen are capable of entering the military service, and undertaking and performing its duties."

See, also, In re Spencer, 40 Fed. 149; In re Kaufman, 41 Fed. 876; U. S. v. Blakeney, 3 Grat. 405.

These cases settle the merits of this case. The enlistment of Davenport was not void. It was, at the most, voidable. In re Spencer, supra. Being in the army, his desertion was a crime, punishable as such. As is said by Judge Bond in Re Kaufman, supra:

"Kaufman was a soldier in the army, though improperly there. But he was not authorized to determine for himself the legality or illegality of his service, by deserting it. If he is in the service, and takes pay as a soldier, whether he be improperly enlisted or not, if he deserts he is liable to be held and punished by court-martial."

The district judge erred in his conclusion. It is ordered that the decision of the district judge be overruled, and that the petitioner be returned to the custody of the sheriff of Henrico county.