is no fixed and inflexible rule by which a court can determine whether the remedy to be pursued should be at law or in equity.

In Watson v. Sutherland, 5 Wall. 74, Mr. Justice Davis says:

"The absence of a plain and adequate remedy at law affords the only test of equity jurisdiction, and the application of this principle to a particular case must depend altogether upon the character of the case as disclosed by the pleadings."

The pleadings in the case at bar disclose a controversy between the plaintiff and defendant, which requires the construction of contracts, the investigation, adjustment, and settlement of accounts growing out of the relations of the plaintiff and defendant, whether that relation be one of parties between whom there are mutual accounts, or of partners in trade, principal and agent, or trustee and cestui que trust.   A court of law, through the medium of trial by a jury of these complicated questions, is entirely inadequate to furnish the plain and adequate remedy which confers upon it jurisdiction.   The jurisdiction of courts of equity in matters of account grew out of the failure of the common law to furnish an adequate and legal remedy for their settlement.   The only remedy afforded by the common law to compel the settlement of accounts, and to ascertain the balance due, was the ancient (now obsolete) action of account.   But the jurisdiction of equity has for ages been exercised in matters of account to which the action of account was not applicable; and this, in consequence of the inadequacy of the existing legal remedy.   4 Minor, Inst. pt. 2, pp. 1215, 1216:

"The jurisdiction of equity, therefore, now extends, not only to cases of an equitable nature, but to many cases where the items constituting the demand are of a character purely legal, and such as are often, although under great disadvantages, the subject of actions at law, other than the action of account, such as debt, covenant, and trespass on the case in assumpsit."

. The statement of the plaintiff's demand in the special count of the declaration is of an equitable nature, and of such a complicated character that it cannot be properly settled in an action at law.   The demurrer will be sustained as to the special count in the declaration, but without prejudice to the plaintiff's right to replead on the equity side of the court.

---

## In re DOWD.

(District Court, N. D. California.   November 21, 1898.)

### No. 11,704.

ARMY AND NAVY—ENLISTMENT OF MINOR—SUBJECTION TO COURT-MARTIAL.
    The enlistment of a minor in the army without the consent of his parents or guardian, required by Rev. St. § 1117, is not void, but voidable only, and while he remains in the service under such enlistment the minor is amenable to the articles of war, and cannot be remanded to the custody of his parents by a civil court on a writ of habeas corpus while undergoing a sentence imposed on him by a court-martial for a violation of such articles.

This was a hearing on a writ of habeas corpus sued out for the release of Thomas H. Dowd, a soldier in the United States army.

Lennon & Hawkins, for petitioner.

H. S. Foote, U. S. Atty.

DE HAVEN, District Judge.    The writ of habeas corpus was issued in this proceeding upon the application of Esther Dowd for the release of her son, Thomas H. Dowd, an enlisted soldier in the army of United States volunteers.    The petition for the writ alleges, and the fact was shown by the evidence given upon the hearing, that Thomas H. Dowd is a minor under the age of 18 years, and that he enlisted as a United States volunteer on the 3d day of July of this year, without the written consent of his parents, who were then entitled to his custody and control.    If these were all the facts, the petitioner would be entitled to the relief which she seeks.    But it appears from the return and the evidence offered to sustain it that on October 27th of this year the said Thomas H. Dowd was duly convicted by a court-martial of the military offense of being absent from his post without the consent of his commanding officer, and thereupon sentenced to imprisonment in the post guard house at Ft. Baker, Cal., for the term of 30 days; and at the date of the issuance of the writ he was in actual confinement pursuant to such sentence.    Section 1117 of the United States Revised Statutes provides:

"No person under the age of twenty-one years shall be enlisted or mustered into the military service of the United States without the written consent of his parents or guardians: provided, that such minor has such parents or guardians entitled to his custody and control."

It is urged in behalf of the petitioner that the enlistment of the minor was absolutely void under this section, and that the parents of such minor are entitled to his present custody, notwithstanding the judgment of the court-martial; that, his enlistment being void, that tribunal could not acquire any jurisdiction over his person, and its judgment is, for that reason, void.    The case of In re Baker, 23 Fed. 30, undoubtedly sustains this contention.    So, also, in the case of In re Grimley, 38 Fed. 84, the court held that the enlistment of a person over the age of 35 years was void, and gave to the military court no jurisdiction to try him for the offense of desertion from the army, because such enlistment was in violation of section 1116 of the Revised Statutes of the United States, which provides that persons enlisting in the army "must be effective and able bodied men, and between the ages of sixteen and thirty-five years, at the time of their enlistment."    This case was, however, reversed by the supreme court of the United States (In re Grimley, 137 U. S. 147, 11 Sup. Ct. 54), and it seems now to be settled that the enlistment of a minor contrary to the provisions of the section of the United States Revised Statutes above quoted is not absolutely void, but only voidable (In re Morrissey, 137 U. S. 157, 11 Sup. Ct. 57; McConologue's Case, 107 Mass. 170); and it necessarily results from this view that the minor is subject to trial and punishment in the manner provided by the articles of war for any offense against such articles committed by him while in actual service under his enlistment (In re Spencer, 40 Fed. 149; In re Kaufman, 41 Fed. 876; Solomon v. Davenport, 30 C. C. A. 664, 87 Fed. 318; In re Bogart, 2 Sawy. 396, Fed. Cas. No. 1,596).    It follows, therefore, that upon the facts

appearing here the said minor is not now illegally restrained of his liberty, and this court is not authorized to interfere with the execution of the sentence imposed upon him by the judgment of the court-martial above referred to. After that judgment has been fully executed, the petitioner will be entitled to his custody, unless he shall then stand charged with some other military offense, committed since the service of the writ issued herein; and, in view of the near expiration of the term of imprisonment fixed by such judgment, I deem it a proper exercise of discretion to not finally discharge the writ at this time. It is ordered that the said Thomas H. Dowd be remanded to the custody whence he was taken, there to remain until November 28, 1898, and that upon that day, at the hour of 11 o'clock a. m., he be, by the respondent herein, Herbert I. Choynski, produced before this court, and that the respondent then and there show cause, if any there be, why the said Thomas H. Dowd should not be then committed to the custody of the petitioner.

---

UNITED STATES v. FOUR BOTTLES SOUR-MASH WHISKY.

(District Court, D. Washington, E. D. December 3, 1898.)

1. INDIANS—TITLE TO PUBLIC LANDS—EXTINGUISHMENT OF INDIAN TITLE.
     The government of the United States is the primary source of title to the public lands; the Indians having only a right of occupancy, which may at any time be extinguished by congress.

2. SAME — INTRODUCING LIQUORS INTO INDIAN COUNTRY — MINERAL CLAIMS WITHIN RESERVATION.
     The provisions of the act of July 1, 1898 (St. 2d Sess. 55th Cong. p. 593, c. 545), authorizing the entry of mineral lands in the Colville Indian reservation, in the state of Washington, under the laws of the United States relating to the entry of mineral lands, necessarily gave prospectors and miners the right to explore the reservation for minerals, and authorized citizens who make discovery of valuable minerals therein to locate claims and work them as required to obtain title under the mineral land laws. The effect of such a valid location is to segregate the claim from the reservation, and extinguish the Indian title thereto, which is merely possessory, so that the land embraced in such location ceases to be Indian country, within the meaning of Rev. St. §§ 2139, 2140, and 29 Stat. p. 506, c. 109, prohibiting the introduction of liquors into the Indian country, and becomes subject to the jurisdiction of the state.

3. SAME—TRANSPORTING LIQUOR ACROSS RESERVATION.
     A stock of liquors is not introduced into the Indian country by being transported across a reservation to a place where it may be lawfully sold, and is not subject to seizure while in transit, or after it reaches its destination.

This is a proceeding by the United States for the forfeiture of certain liquors. Heard on demurrer to a plea filed by the claimant.

Wilson R. Gay, U. S. Atty., and C. E. Claypool, Asst. U. S. Atty.
F. C. Robertson, for claimant.

HANFORD, District Judge. This is a case of seizure under the statutes of the United States prohibiting the introduction of spirituous or other intoxicating liquors into the Indian country. Rev. St. U. S. §§ 2139, 2140; 29 Stat. p. 506, c. 109. The information filed by the United States attorney charges that on the 10th day of August, 1898,