In re MILLER.

(Circuit Court of Appeals, Fifth Circuit. March 29, 1902.)

No. 1,140.

ARMY—ENLISTMENT OF MINOR—PARENTS SECURING RELEASE.

Under Rev. St. U. S. §§ 1116–1118, providing that army recruits must be between 16 and 35 years old; no one under 21 years shall be enlisted without the consent of his parents or guardians; and that no one under 16 years old shall be enlisted,—one between 16 and 21 years

old, enlisting without consent of parents, on representation that he is of age, becomes a soldier, amenable to military jurisdiction for military offenses, and subject to release from service only on application of his parents, who cannot prevent his court-martial for past military offenses.[1]

Appeal from the District Court of the United States for the Northern District of Texas.

Wm. H. Atwell, U. S. Atty., and Col. E. H. Crowder, Judge Advocate U. S. Army, for appellant.

R. M. Vaughan (F. P. Works and J. E. Clarke, on the brief), for appellees.

Before McCORMICK and SHELBY, Circuit Judges.

SHELBY, Circuit Judge. Daniel Marshall Miller enlisted in the United States army on July 26, 1901, as a private soldier, at Austin, Tex. He represented himself to be 21 years of age, when in fact he was only about 17. His parents were both living, and were citizens of Texas, residing in Hill county, in that state. They did not consent to his enlistment. He was transferred from Austin, Tex., and attached to the 105th company, coast artillery. He received from the government $15.02 pay as a private soldier, and drew clothing from the government of the value of $35.36. He deserted on September 14, 1901, in California, and went to Hill county, Tex., where, on the 8th day of February, 1902, he was arrested as a deserter by the sheriff, and delivered into the custody of Capt. J. A. Dapray, the recruiting officer for the United States, stationed at Dallas, Tex. On the 15th of February, 1902, Col. Forbush, by special order, appointed a general court-martial to meet at Ft. Sam Houston, Tex., February 19, 1902, for the trial of such prisoners as may be properly brought before it, and a detail was made for the court. Charges, with proper specifications, were preferred against Miller: (1) Desertion, in violation of the forty-seventh article of war; and (2) for fraudulent enlistment, to the prejudice of good order and military discipline, in violation of the sixty-second article of war.

It is specified under the first charge that he deserted on or about the 14th of September, 1901, and remained absent in desertion until apprehended on or about February 12, 1902. It is specified by the second charge that he, being a minor, did fraudulently enlist as a soldier in the service of the United States by falsely representing himself to be 21 years of age, and that since his enlistment he received pay and allowance thereunder. On the 17th of February, 1902, Michael M. Miller and Lucy A. Miller, the parents of the prisoner, filed a petition in the district court of the United States for the Northern district of Texas, praying for the writ of habeas corpus, and seeking the discharge of Daniel Marshall Miller from further detention by the recruiting officer of the United States, and praying that he be restored to the custody and control of the petitioners. The enlistment of the prisoner, his desertion, arrest, and detention, are stated in the petition; and it is therein alleged "that the said Daniel Marshall Miller is now detained in the custody of the said recruiting officer on the charge of having de-

[1] See Army and Navy, vol. 4, Cent. Dig. § 92.

serted the military service of the United States." The court ordered that the writ issue, directed to Capt. J. A. Dapray, recruiting officer for the United States, stationed at Dallas. The return to the writ recited the fact of Miller's enlistment, desertion, and arrest, and that charges had been preferred against him as herein stated, and that respondent held the prisoner, by authority of the United States, as a soldier in the United States army, charges having been preferred against him, and that he would be brought to trial as soon as practicable before a court-martial convened by the commanding officer of the department of Texas. It is also averred in the return that these offenses were committed by the prisoner, and the prosecution thereon begun, before the suing out of the writ of habeas corpus in this case, and that the jurisdiction of the military authorities had attached before the institution of this proceeding in the district court. The learned district court was of opinion that the parents of the prisoner had never lost, by reason of the enlistment of their son, the right to his custody and control, and that they were now entitled to exercise that control and custody. An order was made that the prisoner be released and restored to the custody and possession of his parents. An appeal was taken to this court, where the order discharging the prisoner is assigned as error.

The question to be decided is whether the court-martial has jurisdiction to try the prisoner on the charges preferred against him. If it has jurisdiction, the civil courts have no right to interfere. If it is without jurisdiction, it is the duty of the civil courts to discharge the prisoner. The contention in behalf of the petitioners is that, being under 21 years of age, the prisoner could not become a soldier without their consent, and that he cannot, therefore, be held for trial by the court-martial. This contention must be examined in the light of the statutes. "Recruits enlisting in the army must be effective and able bodied men, and between the ages of sixteen and thirty-five years, at the time of their enlistment." Rev. St. U. S. § 1116. "No person under the age of twenty-one years shall be enlisted or mustered into the military service of the United States without the written consent of his parents or guardians: provided, that such minor has such parents or guardians entitled to his custody and control." Rev. St. U. S. § 1117. "No minor under the age of sixteen years, no insane or intoxicated person, no deserter from the military service of the United States, and no person who has been convicted of (any criminal offense) (a felony) shall be enlisted or mustered into the military service." Rev. St. U. S. § 1118. It will be observed that recruits may enlist who are between the ages of 16 and 35, but, if under 16, they shall not enlist at all, but, if over 16 and under 21, and they have parents or guardians entitled to their custody, they shall not be enlisted without the written consent of such parents or guardian. The prisoner belonged to a class that could enlist. He was·between the ages of 16 and 35. The only infirmity in his enlistment was that he was over 16, but under the age of 21, and enlisted without the written consent of his parents. If an officer had enlisted him without such consent of his parents, knowing them to be entitled to his custody, and knowing him to be a minor, he would, on conviction, be dismissed from the

service, or suffer such other punishment as a court-martial may direct. Rev. St. U. S. § 1342, art. 3. But the prisoner was enlisted on his assertion that he was 21 years of age. By section 3 of an act of congress approved July 27, 1892, fraudulent enlistment, and the receipt of any pay or allowance thereunder, "is declared a military offense and made punishable by court martial under the 62nd article of war." 27 Stat. 278. By the sixty-second article certain offenses to the prejudice of good order and military discipline, though not specially mentioned in the articles of war, are punishable according to the nature and degree of the offense, at the discretion of the court; and it provides that they are "to be taken cognizance of by a general or a regimental, garrison, or field-officers' court martial." Rev. St. U. S. § 1342. By article of war 47, any soldier who, having received pay, or having been duly enlisted in the service of the United States, deserts the same in time of peace, may receive any punishment, excepting death, the court-martial may inflict. Rev. St. U. S. § 1342, art. 47. It is for a violation of these laws and articles of war that the prisoner is held for trial. The petitioners cite and rely on In re Grimley, 137 U. S. 147, 11 Sup. Ct. 54, 34 L. Ed. 636. The point decided in that case was that enlistment is a contract between the soldier and the government, which involves a change in his status that cannot be thrown off by him at his will, and that, therefore, an enlisted soldier cannot avoid a charge of desertion by showing that at the time he voluntarily enlisted he had passed the age at which the law allows enlistment. After referring to these contractual relations, and saying that the soldier could not, of his own volition, throw them off, and renounce his relations, and destroy his status on the plea that, if he had disclosed truthfully the facts, the state would not have entered into the new relations with him, the court said:

"Of course, these considerations may not apply where there is insanity, idiocy, infancy, or any other disability, which, in its nature, disables a party from changing his status or entering into new relations. But where a party is sui juris, without any disability to enter into the new relations, the rule generally applies as stated."

This language is urged on our attention as being conclusive of the prisoner's right to be discharged. The case before the supreme court was one in which the circuit court had held that the contract of enlistment of a man over 35 years of age was absolutely void. In re Grimley (C. C.) 38 Fed. 84. The supreme court was combating this conclusion, and holding that the enlistment could not be avoided, after the commission of a military offense, so as to prevent trial and punishment for such offense. No other question was before the court. In using the word "infancy" in connection with the words, "insanity" and "idiocy," the court evidently had in view Rev. St. § 1118, which provides that no minor under the age of 16 years, and no insane person or intoxicated person, shall be enlisted or mustered into the military service. That section peremptorily forbids a minor under the age of 16 from being enlisted. Where the minor is over the age of 16, the preceding section authorizes his enlistment, providing, however, for the written consent of his parents or guardian, if he have such, that are entitled to his custody and con-

trol. The statutes make a difference between the position of the minor under 16 and the minor over 16 years of age. That the court did not intend to hold that a minor over 16 could not, without his parents' consent, make a contract of enlistment that would change his status from citizen to soldier becomes clear on reading In re Morrissey, 137 U. S. 157, 11 Sup. Ct. 57, 34 L. Ed. 644, an opinion immediately following the one just cited. That case settles the important question of the status of a minor over 16 years of age who enlists without the consent of his parents. He is held to be "not only de facto, but de jure, a soldier, amenable to military jurisdiction." The soldier himself, and not his parents, applied for the writ. But we find nothing in the case to indicate that the parents could obtain the release of the minor soldier (over 16 years of age) after he had committed a military offense, and pending a prosecution against him for it. The statement of the minor's status that he is a soldier de facto and de jure, "amenable to military jurisdiction," seems to us in conflict with the contention of the petitioners in the case at bar. It cannot be, we think, that the court meant that he was, after committing a military offense, amenable to military jurisdiction only with the consent of his parents; that they could defeat the jurisdiction of the court martial by opposing his prosecution. That he could not, but that the parents could, secure his release from the contract of enlistment, seems clear from this and other authorities; but that is very different from obtaining release and immunity from a prosecution for an offense committed against law. In McConol-ogue's Case, 107 Mass. 154, 170, Gray, J., speaking for the court, said that "a minor's contract of enlistment is, indeed, voidable only, and not void; and if, before a writ of habeas corpus is sued out to avoid it, he is arrested on charges for desertion, he should not be released by the court while proceedings for his trial by the military authorities are pending." This view is sustained by many authorities. A few only will be cited: Solomon v. Davenport, 30 C. C. A. 664, 87 Fed. 318; In re Cosenow (C. C.) 37 Fed. 668; In re Kaufman (C. C.) 41 Fed. 876; In re Spencer (D. C.) 40 Fed. 149; Church, Hab. Corp. (2d Ed.) 72, note "c." A court-martial proceeding, within its jurisdiction, will not be interfered with, nor its judgment avoided, by the civil courts. Smith v. Whitney, 116 U. S. 167, 6 Sup. Ct. 570, 29 L. Ed. 601; Ex parte Reed, 100 U. S. 13, 25 L. Ed. 538. The common law, unaided by statute, fully recognizes the parents' right to the custody and services of their minor child; but it has never been held that they could, by the writ of habeas corpus or otherwise, obtain his custody and his immunity when he was held by an officer of a civil court of competent jurisdiction to answer a charge of crime. His enlistment having made the prisoner a soldier notwithstanding his minority, he is amenable to the military law just as the citizen who is a minor is amenable to the civil law. The parents cannot prevent the law's enforcement in either case. It is not reasonable that a minor, of age to enlist, who secures the honorable and responsible position of a soldier in the United States army, could abandon his colors in the face of the enemy and on the eve of battle, and avoid trial and punishment for

desertion by the intervention of his parents, who had not consented to his enlistment, but who had taken no step to avoid it before the soldier's arrest for desertion; or that he could endanger the army by betraying its secrets to the enemy, and not be amenable to military jurisdiction, his parents objecting. We cannot approve a view that leads to such results. When an enlisted soldier is imprisoned by military authority upon a charge of desertion or other military crime, a civil court will not interfere on habeas corpus when such military authorities have jurisdiction; and if a minor, over the age of 16 years, enlisted in the service, is so charged and detained, a civil court will not, either on his own application or that of his parents or guardian, discharge him until he has been released from the prosecution pending against him.

The decision of this case will be without prejudice to the petitioners to renew their application after the prisoner has been released from the prosecution before the court-martial.

The judgment of the district court is reversed, with instructions to remand the prisoner to the custody of the United States military authorities. Reversed.