UNITED STATES ex rel. HENDRICKS v. PENDLETON.

(Circuit Court, E. D. Pennsylvania. February 13, 1909.)

No. 464, Oct. Sess. 1908.

1. ARMY AND NAVY (§ 19*)—ENLISTMENT OF MINORS—EFFECT OF ENLISTMENT WITHOUT CONSENT OF PARENT OR GUARDIAN.

Rev. St. § 1419, as amended by Act Feb. 23, 1881, c. 73, § 2, 21 Stat. 338 (U. S. Comp. St. 1901, p. 1007), providing that "minors between the ages of 14 and 18 years shall not be enlisted for the naval service without the consent of their parents or guardians," is for the protection of the parent or guardian; and an enlistment in violation thereof is valid as to the minor, and voidable only by the parent or guardian before the minor attains the age of 18 years.

[Ed. Note.—For other cases, see Army and Navy, Cent. Dig. §§ 45–50; Dec. Dig. § 19.*]

2. ARMY AND NAVY (§ 19*)—ENLISTMENT OF MINOR WITHOUT PARENT'S CONSENT—RIGHT OF PARENT TO DISCHARGE.

A minor enlisted in the navy, although without the consent of his parent and in violation of the statute, is punishable for breach of discipline, and cannot be discharged on habeas corpus at suit of his parent while undergoing such punishment.

[Ed. Note.—For other cases, see Army and Navy, Cent. Dig. §§ 45–50; Dec. Dig. § 19.*]

Arno P. Mowitz, for relator.

Jasper Yeates Brinton, Asst. U. S. Atty., and J. Whitaker Thompson, U. S. Atty., for defendant.

J. B. McPHERSON, District Judge. The relator in this proceeding is the father of John H. Hendricks, who is now imprisoned in the Philadelphia Navy Yard under the sentence of a court-martial imposed to punish his desertion from the navy. The facts have been agreed upon by counsel and are as follows:

The minor was 17 years old on July 9, 1905. In the early part of January, 1906, he was a telegraph operator by occupation. On January 5th he made a written application to a recruiting officer for the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

United States navy at Cincinnati to be enlisted as "landsman for electrician, third class." On the same day the officer telegraphed to the relator, who was then at Morristown, Ind., asking if he was willing that his son should "enlist in the navy for electrical department." He replied in the affirmative, and on the same day the officer confirmed his telegram by letter and inclosed a formal consent paper for the father's signature. This was signed on January 6th and gives consent to his son's enlistment as "landsman for electrician." On January 8th the minor executed an enlistment paper or shipping articles, but in this he is rated as "apprentice seaman." He immediately entered upon his service under this rating, and continued to serve as apprentice seaman until May 24th, when he received the rating of ordinary seaman. On July 13th, in accordance with his own application, he was detailed for instruction in the electrical school at Newport, R. I., where he remained until September 21, 1906, when he deserted from the service. Up to the time of his desertion, he received pay and allowance as apprentice seaman and as ordinary seaman. He was afterwards arrested, and on August 28, 1908, was delivered to the naval authorities, by whom he was tried, convicted, and sentenced on October 8th. Part of his sentence was imprisonment for six months, and he is now undergoing confinement thereunder at the Philadelphia Navy Yard.

The father seeks the minor's release upon the ground that the enlistment was not only voidable, but wholly void. It is argued that the father's consent was obtained by a false representation, the recruiting officer having declared that the minor was to be enlisted as a "landsman for electrician," whereas he was actually enlisted as an "apprentice seaman," and that the conduct of the officer nullified the father's formal consent, thus making the minor's enlistment absolutely void, and giving him the right to quit the service whenever he pleased without exposing himself to punishment as a deserter. But I do not think that this argument can be allowed to prevail in the face of several authoritative decisions of the federal courts. For the purposes of this case the government concedes that the father's consent was not such as the law contemplates—he was asked to agree to his son's enlistment under a specified rating, while the actual enlistment was under a different rating—and therefore that the minor was enlisted without the legal consent of his parents. And the government further concedes that, if the father had taken proper and timely steps to obtain his son's release before the minor had reached the age of 18 years, and before he had been tried and convicted for the offense in question, the effort would have been successful; but the government contends that, as no such steps were taken until January 9, 1909, when the son had passed the age of 20 years, and, moreover, was in confinement under a sentence for desertion, the present writ cannot be maintained. This position, I think, is sound. The enlistment of the minor was not void, whether his father validly consented, or not. So far as he himself was concerned, it was legally binding. Section 1419 of the Revised Statutes, as amended by Act Feb. 23, 1881, c. 73, § 2, 21 Stat. 338 (U. S Comp. St. 1901, p. 1007), namely, "Minors between the age of 14 and 18 years, shall not be enlisted for the naval

service without the consent of their parents or guardians," was intended primarily for the protection of the parents or guardian of the minor, and only incidentally for the protection of the minor himself. In discussing the similar provision concerning the enlistment of minors for the army, the Supreme Court said in Re Morrissey, 137 U. S. 157, 11 Sup. Ct. 57, 34 L. Ed. 644:

"But this provision is for the benefit of the parent or guardian. It means simply that the government will not disturb the control of parent or guardian over his or her child without consent. It gives the right to such parent or guardian to invoke the aid of the court and secure the restoration of the minor to his or her control; but it gives no privilege to the minor. The age at which an infant shall be competent to do any acts or perform any duties, military or civil, depends upon the Legislature. * * * Congress has declared that minors over the age of 16 (14 in the navy) are capable of entering upon the military service and undertaking and performing its duties.

"An enlistment is not a contract only, but effects a change of status. * * * It is not, therefore, like an ordinary contract, voidable by an infant. At common law an enlistment was not voidable, either by the infant or his parents or guardians [citing cases]. In this case the parent never insisted upon her right of custody and control, and the fact that he had a mother living at the time is therefore immaterial. The contract of enlistment was good so far as the petitioner is concerned. He was not only de facto, but de jure, a soldier—amenable to military jurisdiction."

See, also, Solomon v. Davenport, 87 Fed. 318, 30 C. C. A. 664; Re Miller, 114 Fed. 838, 52 C. C. A. 472; United States v. Reaves, 126 Fed. 127, 60 C. C. A. 675.

Since, therefore, the minor's enlistment could not have been questioned by himself at any time, and since it could not be questioned. even by his father, after he arrived at the age of 18 years (Re Dohrendorf [C. C.] 40 Fed. 148), it follows that the present proceeding must be dismissed.

This disposes of the case; but it may not be amiss to add that, even if the father were otherwise entitled to his son's release, it is well settled that the son could not be discharged on habeas corpus until the end of the term to which he has been sentenced. His enlistment being valid so far as he himself is concerned, he was properly subjected to trial and punishment for the military offense of desertion, and the father's right to his custody must yield to the superior right of the naval authorities to imprison for the minor's breach of discipline. See the cases above cited; also Re Dowd (D. C.) 90 Fed. 718, Re Scott, 144 Fed. 79, 75 C. C. A. 237, and Ex parte Lewkowitz (C. C.) 163 Fed. 646.

The relator's petition for the discharge of his son is refused.