In re PERRONE.

(District Court, N. D. California.   August 13, 1898.)

No. 11,535.

ARMY—ENLISTMENT OF MINOR—RIGHT TO DISCHARGE.
    Rev. St. § 1117, requiring the consent of the parents or guardian of a
    minor to his enlistment in the military service of the United States,
    "provided, that such minor has such parents or guardian entitled to his
    custody and control," does not authorize a court to discharge from the
    service a minor whose parents are nonresident aliens, and who at the
    time of enlistment had no guardian, on the application of a guardian
    since appointed.

Application for Writ of Habeas Corpus.

A. D. Splivelo, for petitioner.

DE HAVEN, District Judge.   Application for a writ of habeas
corpus in behalf of Orazio Perrone, a minor, at present in the army of
United States volunteers.   The petitioner is the guardian of said
minor, and in his petition for the writ alleges that his ward's enlist-
ment was made without the written consent of his parents or guardian.
The petition further shows that at the time of such enlistment the
parents of the minor were, and still are, residents of Italy, and it was
admitted upon the hearing of this application that the petitioner was
appointed guardian of such minor since his enlistment.   The purpose
for which the writ is applied for is to obtain a judgment of this court
discharging the minor from the military service of the United States,
and directing that he be placed in the custody of the petitioner, as his
guardian.   The application is based upon section 1117 of the United
States Revised Statutes, which reads as follows:

    "No person under the age of twenty-one years shall be enlisted or mus-
    tered into the military service of the United States without the written
    consent of his parents or guardian: provided, that such minor has such par-
    ents or guardian entitled to his custody and control."

This section has no application to the facts presented here.   The
enlistment of the minor was binding upon him.   In re Morrissey, 137
U. S. 157, 11 Sup. Ct. 57.   In that case the supreme court, in constru-
ing the above section, said:

    "But this provision is for the benefit of the parent or guardian.   It means
    simply that the government will not disturb the control of parent or guardian
    over his or her child without consent.   It gives the right to such parent or
    guardian to invoke the aid of the court, and secure the restoration of a
    minor to his or her control, but it gives no privilege to the minor."

Whether this section could be successfully invoked by parents who
were alien residents of a foreign country at the time of the enlistment
of a minor son is unnecessary to be determined at this time.   It is
sufficient to say in relation to this that the parents are not here in-
sisting upon any right to the custody or control of the minor.   The
sole question is whether this petitioner, who has become the guard-
ian of the minor since his enlistment, is within the provisions of
the section above quoted, and so entitled to avoid such enlistment.
In my opinion, he is not.   The guardian whose written consent is

required by that section is one who was such at the time of the enlistment, and who was then entitled to the legal custody and control of the minor. This would be the proper construction of the section without its proviso, but the proviso places the matter beyond question. Application for writ denied.