## In re CARVER.

(Circuit Court, D. Maine. August 14, 1900.)

### No. 166.

1. HABEAS CORPUS—DETENTION OF MINOR IN MILITARY SERVICE—AGE—EVIDENCE.

Upon application by a parent for a writ of habeas corpus for the release of his minor son, who is unlawfully detained in the military service of the United States, the testimony of the petitioner as to the date of the birth of the son is not sufficient to establish the age of the latter, when it is

evident that it can be supported, if true, by the usual documentary evidence.

2. SAME—MILITARY OFFENSE—CONFLICT OF JURISDICTION.

The federal courts will entertain jurisdiction for writ of habeas corpus for the release of a minor, under the age of 21, who is detained in the military service of the United States under enlistment, in violation of Rev. St. § 1117, although charges have been filed against the minor by an officer of the army for violation of Act July 27, 1892, § 3, making fraudulent enlistment, and the receipt of pay or allowance thereunder, punishable by court-martial, if the charges have not been acted upon by the executive department of the government.

PUTNAM, Circuit Judge (orally). This is a proceeding by writ of habeas corpus issued by order of this court on the petition of James W. Carver, of Auburn, in this state, representing that he is the father of Charles B. Carver, who was born at Lynn, in the state of Massachusetts, on the 5th day of March, 1880, now detained in the military service of the United States under enlistment in violation of section 1117 of the Revised Statutes. The petitioner has testified in support of the allegations of the petition, and he has also testified that both he and his son are citizens of the United States, and that his son formed a part of his family until he enlisted. The court is not willing to take the mere testimony of the petitioner as to the date of the birth of his son, while it is evident to the court that it can be supported, if true, by the usual documentary evidence. We are advised by the testimony of the petitioner that proper return of the birth was made at Lynn by the attending physician, proof of which can be at once obtained.

On the filing of documentary evidence of the date of birth, the case will be entirely clear, and within the precedents, except for a single question which is raised in the return to the writ by Lieut. Barrette, who is the commanding officer to whom it issued. It appears that prior to the filing of the petition for the writ of habeas corpus, and therefore prior to the jurisdiction of this court attaching, charges were filed by Lieut. Barrette against Charles B. Carver for violation of section 3 of the act of July 27, 1892 (27 Stat. 277, 278). That section is as follows:

"That fraudulent enlistment, and the receipt of any pay or allowance thereunder, is hereby declared a military offense and made punishable by court-martial, under the sixty-second article of war."

The facts show that the enlistment was fraudulent, and that there have been received pay and allowances thereunder. It may well be doubted whether, under the constitution, fraudulent enlistments can be made offenses punishable by court-martial; but there can be no question that the receipt of pay or allowances after fraudulent enlistment may be made so punishable.

Also, a question arises whether the rights of the parent under section 1117 of the Revised Statutes, so fully recognized by the courts, can be defeated by proceedings under the articles of war based on an enlistment contrary to that section of the statute; and so the further question arises whether or not such proceedings would not, so far as parents are concerned, be an exception to the general rule that civil courts cannot take jurisdiction by habeas corpus pending proceed-

103 F.—40

ings before a court-martial. But it is not necessary to enter into that question, because it is clear that the jurisdiction of this court attached, and is not affected by the mere fact that charges were filed. True it is that it seems to be well settled by the decisions, and it is also consonant with the rules of law framed to prevent unseemly conflicts between different judicial tribunals, that, ordinarily, where charges have been preferred and a court-martial having jurisdiction has been ordered, and the person charged has been held to answer, the jurisdiction which attaches in favor of the court-martial will exclude that of a civil tribunal in which proceedings for a writ of habeas corpus may afterwards be commenced. Under such circumstances, the civil tribunal must wait until the court-martial has concluded its proceedings, and even until the sentence, if any, imposed by the court-martial, has been worked out; and this rule might apply even where an arrest had followed in consequence of the charges, although preceding the organization of the military court. But, aside from the peculiar question which we have suggested, and which we do not find it necessary to attempt to answer, the rule has no application merely because charges have been filed which have not been acted on by the executive department, and may never be acted on.

Therefore it is the duty of this court to exercise its jurisdiction, and to order the discharge of Charles B. Carver on the writ which has already issued; and a judgment will be entered accordingly on the filing of a certified copy of the record of the return of his birth already referred to. Meanwhile, having already been brought into court and committed to the custody of the marshal, he will remain in his custody until further order.

(August 15, 1900.)

The court, having considered the writ, the return thereto, the answer to said return, the proofs, and the arguments of counsel, determines that the petitioner, James W. Carver, is entitled to have Charles B. Carver, who has been brought in on the writ, and is now in the custody of the court, discharged from the military service of the United States, and that the said Charles B. Carver should be discharged from such military service, and judgment is entered accordingly, without costs.