## UNITED STATES v. REAVES.

### (Circuit Court of Appeals, Fifth Circuit. December 7, 1903.)

#### No. 1,240.

**1. ARMY—NAVY—MINORS—ENLISTMENT—VALIDITY.**

Rev. St. § 1419, as amended by Act Feb. 23, 1881 [U. S. Comp. St. 1901, p. 1007] provides that minors between the ages of 14 and 18 years shall not be enlisted for naval service without the consent of their parents or guardians; and section 1420, as amended by the same act, declares that no minor under the age of 14 years shall be enlisted in the navy service. *Held*, that where a minor under the age of 18 years enlisted in the navy without the consent of his father, then living, on the minor's fraudulent representation that he was over 21 years of age, such enlistment was not void as to the minor, but was voidable only, at the instance of his father.

**2. SAME—DESERTION—ARREST—HABEAS CORPUS.**

Under Rev. St. § 1624 [U. S. Comp. St. 1901, p. 1105], providing that the United States navy shall be governed by the articles of war, and article 8, providing that such punishment as a court-martial may adjudge may be inflicted on any person in the navy who deserts therefrom, where a minor between the ages of 14 and 18 years, without the consent of his father, then living, enlisted in the navy, and received the usual pay from the date of his enlistment until after he deserted, was arrested, and detained as a deserter, he could not be discharged from custody of the naval authorities on a writ of habeas corpus sued out by his father, though the latter was entitled to demand his son's discharge from the navy as soon as he had answered and satisfied the charges for desertion then pending against him.

Appeal from the Circuit Court of the United States for the Middle District of Alabama.

For opinion below, see 121 Fed. 848.

W. S. Reese, Jr., U. S. Atty.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PARDEE, Circuit Judge. The proceedings in the Circuit Court were on a petition for a writ of habeas corpus. A writ of error was originally sued out, but, by seasonable written stipulation and general consent, it is to be treated as an appeal.

The proceedings in the lower court and the facts in the case appear, from a bill of exceptions seasonably allowed, as follows:

"Be it remembered that at the present term of the Circuit Court for the Middle District of Alabama came on to be heard the petition of P. A. Reaves, who sued out a writ of habeas corpus to regain the custody of his minor son, E. L. Reaves, held by the chief of police of the city of Montgomery, Alabama, as a deserter from the navy; the writ having been issued by the court. The chief of police made return on the 5th day of January, 1903, as set forth in the record, the hearing of which, by consent, was set for the 15th day of January, 1903; and the matter was held under advisement until the 16th day of February, 1903, by consent. On that day the court announced its opinion sustaining the demurrer, adjudging that the minor was illegally detained, and that the petitioner, the father of the minor, was entitled to his custody and control. Immediately upon this announcement being made in open court, the district attorney of the United States made known to the court that on the 12th day of February, 1903, that the Secretary of the Navy had preferred formal charges, with specifications, against the said E. L. Reaves for desertion and fraudulent enlistment, which charges had been formally served upon the

¶ 1. See Army and Navy, vol. 4, Cent. Dig. § 48.

prisoner, which said charges and specifications are ordered to be made a part of this bill of exceptions, as Exhibit A. Thereupon it was agreed in open court that the return should be considered as amended, and as embodying in it the facts of the preferring of such charges, and their service upon the prisoner, and the petitioner again demurred to the return. Along with this demurrer, the court heard evidence of the parties as to the facts of the case. It was shown that P. A. Reaves is the father of the minor, E. L. Reaves, and that both the father and the minor at the time of his enlistment were, and still are, citizens of Alabama, residing in this district, and that the father never had manumitted or otherwise emancipated his minor son, who enlisted in the navy without the father's knowledge or consent, while absent from home, and when his father was ignorant of his whereabouts, at Meridian, Miss. When the father next heard from the minor, some months after the latter left home, he was informed that the minor had enlisted in the United States army and was in Porto Rico. His parents were unable to locate him definitely, and were not informed of his enlistment in the navy until about the time of his return to their home, in Montgomery, Alabama, during the Christmas of 1902. When he returned home, the father took charge of him, and put him to work in a cotton factory; the father never having consented to his enlistment. The minor had been at home about a week, when the chief of police arrested him as a deserter from the navy, and then the father immediately sued out this writ. E. L. Reaves, the minor, was enlisted in the navy some time in December, 1901, at Meridian, Mississippi, and deserted the receiving ship Minneapolis in October, 1902, at League Island, and started home. The minor, E. L. Reaves, is now, at the time of the hearing, about seventeen years and six months old. It was also shown that after his said enlistment the said minor received from the United States the usual pay and allowances allowed by law to landsmen in the navy, beginning with the date of his enlistment, and continuing up to the time he deserted. It was also shown that at the time of his enlistment he represented that he was twenty-one years and five months of age at the time. Upon this evidence, which was all the evidence adduced on the hearing, the United States, by the district attorney, moved the court to remand the prisoner to the custody of the chief of police, which motion was denied, and the United States then and there duly excepted. Thereupon the petitioner moved the court to make an order discharging the minor from the custody of the chief of police, and awarding the custody of the minor to the petitioner, which motion the court granted; and the United States, by the district attorney, then and there duly excepted."

The question presented is whether a minor between the ages of 14 and 17 years, who, without the consent of his father, then living, and representing himself as over the age of 21 years, has duly enlisted in the navy, and who has received the usual pay and allowances from the date of his enlistment, and, after a service of some months, has deserted, and thereafter been arrested as a deserter, can be discharged from the custody of the naval authorities on a writ of habeas corpus sued out by his father, demanding the custody of his minor son.

Under section 1418 of the Revised Statutes, as amended May 12, 1879, and February 23, 1881 [U. S. Comp. St. 1901, p. 1007], boys between the ages of 14 and 18 years may be enlisted to serve in the navy until they shall arrive at the age of 21 years. Other persons may be enlisted to serve for a period not exceeding 5 years. By a further amendment, March 3, 1899, Act March 3, 1899, c. 413, § 16, 30 Stat. 1008 [U. S. Comp. St. 1901, p. 1007], it was provided that hereafter the term of enlistment of all enlisted men of the navy shall be 4 years. By section 1419, as amended February 23, 1881 [U. S. Comp. St. 1901, p. 1007], minors between the ages of 14 and 18 years shall not be enlisted for naval services without the consent of their parents or guardians. By section 1420, as amended February 23,

1881 [U. S. Comp. St. 1901, p. 1008], no minor under the age of 14 years, no insane or intoxicated person, and no deserter from the military or naval service of the United States, shall be enlisted in the naval service. By section 1624 [U. S. Comp. St. 1901, p. 1105], the navy of the United States shall be governed by the articles of war therein declared; and article 8 thereof provides that "such punishment as a court-martial may adjudge may be inflicted on any person in the navy who * * * Twenty-first, or in time of peace deserts or attemps to desert or aids and entices others to desert."

For a time the courts were at variance as to whether the enlistment of a minor in the army or navy without the written consent of his parent or guardian, and in face of the statutes of the United States prohibiting the same, was void, or only voidable. For cases, see 18 Am. St. Rep. note, pp. 639–641; also opinion of Judge Jones filed in this case, reported 121 Fed. 848. For the inferior United States courts, the question was settled in Morrissey's Case, 137 U. S. 157, 11 Sup. Ct. 57, 34 L. Ed. 644, wherein it was distinctly held that the enlistment of a minor in the military service of the United States without the written consent of his parent or guardian is good as to the minor, and voidable only at the instance of the parent or guardian. In that and the immediately preceding case of Grimley, 137 U. S. 147, 11 Sup. Ct. 54, 34 L. Ed. 636, all the adjudged cases of importance on the subject were reviewed; and in Morrissey's Case the court said:

"Section 1117 [U. S. Comp. St. 1901, p. 813] provides that 'no person under the age of twenty-one years shall be enlisted or mustered into the military service of the United States without the written consent of his parents or guardians: provided, that such minor has such parents or guardians entitled to his custody and control.' But this provision is for the benefit of the parent or guardian. It means simply that the government will not disturb the control of parent or guardian over his or her child without consent. It gives the right to such parent or guardian to invoke the aid of the court and secure the restoration of a minor to his or her control, but it gives no privilege to the minor. The age at which an infant shall be competent to do any acts or perform any duties, military or civil, depends wholly upon the Legislature. United States v. Bainbridge, 1 Mason, 71 [Fed. Cas. No. 14,497]; Wassum v. Feeney, 121 Mass. 93, 95 [23 Am. Rep. 258]. Congress has declared that minors over the age of sixteen are capable of entering the military service, and undertaking and performing its duties. An enlistment is not a contract, only, but effects a change of status. Grimley's Case, 137 U. S. 147 [11 Sup. Ct. 54, 34 L. Ed. 636]. It is not, therefore, like an ordinary contract, voidable by the infant. At common law an enlistment was not voidable either by the infant or by his parents or guardians. * * * In this case the parent never insisted upon her right of custody and control, and the fact that he had a mother living at the time is therefore immaterial. The contract of enlistment was good, so far as the petitioner is concerned. He was not only de facto, but de jure, a soldier, amenable to military jurisdiction. His mother not interfering, he was bound to remain in the service. His desertion and concealment for five years did not relieve him from his obligations as a soldier, or his liability to military control."

The principles thus declared have been followed and applied in numerous cases in the federal courts. See In re Kaufman (C. C.) 41 Fed. 876; Solomon v. Davenport, 87 Fed. 318, 30 C. C. A. 664; In re Perrone (D. C.) 89 Fed. 150; In re Dowd (D. C.) 90 Fed. 719; In re Carver (C. C.) 103 Fed. 624; In re Miller, 114 Fed. 838, 52 C. C. A. 472.

Following the principles declared in Morrissey's Case, and in the light of subsequent adjudications, it is clear that by his enlistment in the naval service E. L. Reaves became de facto and de jure a seaman or sailor in the navy of the United States, and as such entitled to pay, clothing, and allowances, all of which he received, as well as other benefits, such as pensions, shelter, care, and protection in sickness and in health, all provided by the statutes, all possible to accrue; and, at the same time, he became subject to the articles of war, and amenable to the general discipline of the navy. And this status was bound to continue, with all its advantages and responsibilities, until his enlistment should be ended by death, discharge, or cancellation thereof on the application of his parents or guardian.

In Grimley's Case, supra, the appellee had been found guilty by a court-martial of the crime of desertion, and had been sentenced to be imprisoned six months. While serving out this sentence, he sued out a writ of habeas corpus, asking for discharge on the ground of illegal enlistment. In somewhat discussing the jurisdiction of the civil courts to exercise supervisory or correcting powers over the proceedings of courts-martial, the court said:

"The single inquiry—the test—is jurisdiction. That being established, the habeas-corpus must be denied, and the prisoner remanded. That wanting, it must be sustained, and the petitioner discharged. If Grimley was an enlisted soldier, he was amenable to the jurisdiction of the court-martial. * * *"

In Kaufman's Case, supra, the minor had enlisted without the consent of his parent or guardian, had deserted, and was then held by the military authorities, and had been ordered before a court-martial for trial as a deserter. Judge Bond said:

"If he be in the service, and takes pay as a soldier, whether he was properly enlisted or not, if he desert he is liable to be tried and punished by court-martial."

In Solomon v. Davenport, supra, the Circuit Court of Appeals for the Fourth Circuit held that a minor who enlists in the army without the consent of his parents or guardian, and subsequently deserts, is amenable to a court-martial as a deserter; and as it appeared that, although the petitioner was a minor when he enlisted without the consent of his parent or guardian, yet, as he was held under a warrant of the United States commissioner on the charge of desertion, the discharge on habeas corpus was refused.

In In re Dowd, supra, a discharge on habeas corpus was refused because it appeared that, while Dowd had enlisted as a minor without the written consent of his parents, yet he had been duly convicted by a court-martial of the military offense of being absent from his post without the consent of his commanding officer, and thereupon sentenced to imprisonment in the post guardhouse at Ft. Baker, Cal., for the term of 30 days, and at the date of the issuance of the writ he was in actual confinement pursuant to such sentence.

In In re Carver, supra, the court discharged the minor because, although charges had been preferred against him warranting his trial by court-martial, yet the executive authority had not acted upon them.

In the Miller Case, supra, a minor was refused his discharge at

the suit of his parents, who had not consented to his enlistment, because at the time of the writ the minor was held a prisoner by authority of the United States as a soldier in the United States army, and the return showed that charges had been preferred against him, and that he would be brought to trial as soon as practicable before a court-martial convened by the commanding officer of the Department of Texas. In the very elaborate opinion delivered by Judge Shelby, the matter is reviewed from the standpoint of jurisdiction, and it was said and held as follows:

"The common law, unaided by statute, fully recognizes the parents' right to the custody and services of their minor child; but it has never been held that they could, by the writ of habeas corpus or otherwise, obtain his custody and his immunity when he was held by an officer of a civil court of competent jurisdiction to answer a charge of crime. His enlistment having made the prisoner a soldier notwithstanding his minority, he is amenable to the military law just as the citizen who is a minor is amenable to the civil law. The parents cannot prevent the law's enforcement in either case. It is not reasonable that a minor, of age to enlist, who secures the honorable and responsible position of a soldier in the United States army, could abandon his colors in the face of the enemy, and on the eve of battle, and avoid trial and punishment for desertion by the intervention of his parents, who had not consented to his enlistment, but who had taken no step to avoid it before the soldier's arrest for desertion, or that he could endanger the army by betraying its secrets to the enemy, and not be amenable to military jurisdiction, his parents objecting. We cannot approve a view that leads to such results. When an enlisted soldier is imprisoned by military authority upon a charge of desertion or other military crime, a civil court will not interfere on habeas corpus when such military authorities have jurisdiction; and if a minor, over the age of 16 years, enlisted in the service, is so charged and detained, a civil court will not, either on his own application or that of his parents or guardian, discharge him until he has been released from the prosecution pending against him." 114 Fed. 842, 843, 52 C. C. A. 476.

In the present case the minor had deserted the naval service; the executive authority, as appears by the return, had acted by proclaiming him a deserter, and offering a reward for his arrest, and he had been arrested before the writ was issued; and the case further shows that within a reasonable time after the arrest, and before the judgment in the Circuit Court, the Secretary of the Navy preferred formal charges for fraudulent enlistment and desertion. These charges can only be tried before a naval court-martial. Under this state of facts, on principle and authority, it must be held that the jurisdiction of the naval courts had fully attached, and that the naval authorities are entitled to the custody of the minor, notwithstanding the enlistment was without the consent of his father, and voidable on his demand.

The decisive points in this case are all ruled adversely to the appellee in the Miller Case, and, as we consider that case well ruled and of controlling authority, we might well have disposed of this appeal by mere reference thereto; but, as the case has been so strenuously argued, the writer has thought best to go over the facts and law as though the case presented new questions, not heretofore passed upon by this court.

In the argument it has been stressed that public policy favors parental control, and that this should be given such effect as to render void ab initio the enlistment of a minor, where such enlistment is pro-

hibited by the statute without the consent of the parent or guardian, and such parent or guardian demands the custody of the minor. The public policy is found in the statute. The statute, construed by the Supreme Court, makes the law. An enlistment in the army or navy may be annulled and vacated, but its effects remain.

In re Chapman (C. C.) 37 Fed. 327, 2 L. R. A. 332, has been much cited and somewhat relied upon in the briefs and argument. The learned judge in that case proceeded on the general proposition that whatever is done in contravention of prohibitory law is null and void, and he said that such was the well-settled doctrine of every system of jurisprudence; and the judge held that the enlistment in violation of the statute was absolutely void and of no effect, and the minor himself might take advantage thereof. In re Chapman was overruled by the Supreme Court in Morrissey's case and in Grimley's case, and it is now of no effect. It reads well, but it is not sound.

The decree of the Circuit Court is reversed, and the case is remanded, with instructions to discharge the writ of habeas corpus, and remand the minor, E. L. Reaves, to the custody of the naval authorities, represented by Adolphus Gerald, chief of police of the city of Montgomery, state of Alabama. All this to be without prejudice to the petitioner's right to demand his son's discharge from the navy, and enforce the same by any appropriate remedy, after, and as soon as, his son shall have answered or satisfied the charges now pending against him.