Ex parte HOUGHTON.

(Circuit Court, D. Maine. April 9, 1904.)

No. 162.

1. ARMY AND NAVY—ENLISTMENT OF MINORS—NECESSITY OF PARENTS' CONSENT.

Under the laws of the United States a minor cannot lawfully be enlisted in any branch of the military or naval service without the consent of his parents, and one who has so enlisted by misrepresenting his age will be discharged by writ of habeas corpus at suit of his parents.

2. SAME—DISCHARGE ON HABEAS CORPUS—JURISDICTION OF CIVIL COURT FIRST ATTACHING.

Where a petition for habeas corpus for the discharge of a minor from the military service on the ground that he enlisted without the con-

sent of his parents has been served, the court is not deprived of jurisdiction to discharge the minor by his subsequent arrest by the military authorities on the charge of fraudulent enlistment.

Habeas Corpus.

Frank D. Marshall, John C. Stewart, and J. M. Maloney, for petitioner.

Isaac W. Dwyer, U. S. Dist. Atty.

HALE, District Judge. This is a petition of Patrick Houghton for habeas corpus. It is heard on an agreed statement of facts, as follows:

"It is agreed on behalf of the petitioner and of the United States that William Houghton was enlisted at Kittery, Maine, June 6, 1903, by Captain R. N. Lane, for four years; that at the date of said enlistment he represented his age to be twenty-one years and six months; that he has been in the service of the United States from said 6th day of June, and is now in said service; that he is the son of Patrick Houghton and Mary T. Houghton, citizens of Massachusetts; that said William Houghton was born in Boston, August 10, 1884; that he enlisted without the consent of his parents or guardian; that said William Houghton is now under arrest pending charges of fraudulent enlistment, and that said arrest was made and charges preferred since the service of the petition for habeas corpus in these proceedings."

The statutes of the United States make it clear that it is the will of Congress that minors shall not be enlisted in any branch of the service without the consent of their parents. In the case of McNulty and Clement, 2 Low. 270, Fed. Cas. No. 8,917, Judge Lowell, in this circuit, held that under the laws of the United States a minor cannot be lawfully enlisted in the marine corps without the consent of his parents. Under section 1117, Rev. St. U. S. [U. S. Comp. St. 1901, p. 813], Congress requires the written consent of parents for the enlistment of minors in the military service. Under the statutes referred to in Judge Lowell's decision, just cited, Congress has made clear its intention that the consent of the parents is necessary for the enlistment of minors in any branch of the United States military or naval service. The decision of Judge Lowell, which we have quoted, applies distinctly to the enlistment of minors in the marine corps. It appears by the agreed statement in the case at bar that the minor, William Houghton, is now under arrest pending charges of fraudulent enlistment, and that said arrest was made and charges preferred since the service of the petition for habeas corpus in these proceedings. This arrest refers clearly to an arrest by the military authorities, but it appears affirmatively that such arrest was made and the charge preferred since the jurisdiction of the United States attached in these proceedings. The rule of the federal courts in this circuit touching this matter of jurisdiction is settled by Judge Putnam in Re Carver (C. C.) 103 Fed. 624, where, at page 626, Judge Putnam says:

"True it is that it seems to be well settled by the decisions, and it is also consonant with the rules of law framed to prevent unseemly conflicts between different judicial tribunals, that, ordinarily, where charges have been preferred, and the court-martial having jurisdiction has been ordered, and the person charged has been held to answer, the jurisdiction which attaches in

favor of the court-martial will exclude that of a civil tribunal in which proceedings for a writ of habeas corpus may afterwards be commenced. Under such circumstances the civil tribunal must wait until the court-martial has concluded its proceedings, and even until the sentence, if any, imposed by the court-martial, has been worked out."

But in the case at bar the military authorities did not take any action until the jurisdiction of this court under these proceedings had attached. In the case of George F. Harris, petitioner for writ of habeas corpus, recently decided in the Supreme Court of the District of Columbia, the court found that when Harris, the minor, enlisted in the marine corps of the United States, he was a minor 19 years old, and was living at home with his father; that the arrest by the military authorities did not occur until after the service of the writ of habeas corpus had been made. The court discharged the minor. In the case before us it is clearly the duty of this court to exercise its jurisdiction and to grant the prayer of the petitioner.

The decree must be: Prayer of petitioner granted; writ of habeas corpus to issue, returnable forthwith.