## In re LESSARD.

(Circuit Court, D. New Hampshire. January 5, 1905.)

### No. 521.

1. ARMY—MINORS—ENLISTMENT—DESERTION—ARREST—HABEAS CORPUS.

Where a minor under the age of 18 years enlisted without the consent of his father, then living, and after his arrest for desertion, but before final hearing of a writ of habeas corpus by the father to obtain his discharge, formal charges of desertion and fraudulent enlistment, etc., were preferred against him by the military authorities, he could not be

134 F.—20

discharged under such writ until he had satisfied the charges pending against him by the government.

F. P. Tilton, for petitioner.

C. J. Hamblett, U. S. Atty.

ALDRICH, District Judge. This is a habeas corpus proceeding upon petition of a father to secure the discharge of a minor son, who enlisted in the army without his consent. Before the petition for the writ, Lessard had been arrested as a deserter by the city marshal of Laconia by virtue of a proclamation issued by military authority, and under color of the act of Congress authorizing civil officers to arrest under such a proclamation. Upon citation to the city marshal to appear and show cause why the writ should not issue, and upon due hearing, the writ issued, and the minor son was brought before this court, and the petitioner and the government were heard. After the arrest, and after the issuance of the writ, but before judgment or final hearing in this court, and within a reasonable time, formal charges of desertion and fraudulent enlistment and receipt of pay and allowances were preferred against the minor by the military authorities.

The recent case of United States v. Reaves (decided in the Court of Appeals for the Fifth Circuit) 126 Fed. 127, 60 C. C. A. 675, seems to be exactly in point to the case under consideration. I cannot view the case In re Carver (C. C.) 103 Fed. 624, as at all decisive of the situation involved here, for the reason that there the case was not one of desertion, nor was it a case where the military authorities had acted by proclamation or arrest. Likewise the case of Ex parte Houghton (C. C.) 129 Fed. 239, differentiates itself from the case at bar, because there the arrest was made and the charges preferred subsequent to the petition for habeas corpus, and the decision was made to rest upon the ground that the jurisdiction of the Circuit Court—in other words, the civil tribunal— had first taken hold of the situation. The result is that I find no controlling authority in this circuit governing a case like the one before me. That being so, and the questions involved having reference to federal statutes, and being questions of a character to be governed by general law, I must accept the decision of the United States Circuit Court of Appeals in the Fifth Circuit, to which I have referred, as decisive of this case, in its present aspect, against the petitioner. By arrangement, the city marshal was permitted to lodge the respondent in safe-keeping with the commanding officer of Ft. Constitution, in New Castle, subject to the writ. It is therefore only necessary to discharge the writ of habeas corpus, which will leave the minor in custody of the military authorities. This should be done, however, as in the case in the Fifth Circuit, without prejudice to the petitioner's right to demand his son's discharge from the army, and enforce the same by appropriate remedy, when the son shall have answered or satisfied the charges now pending against him in that department of the government.

Writ discharged, without prejudice.