### In re CARVER.

(Circuit Court, D. Maine. December 28, 1905. On Rehearing, January 15, 1906.)

#### No. 140.

ARMY—EFFECT OF ARREST BY MILITARY AUTHORITIES.

    A minor under the age of 18 years, who unlawfully enlisted in the army without the consent of his father, cannot be discharged from the service on a writ of habeas corpus sued out by his father so long as he is under arrest for desertion, nor until he has been discharged from such custody or has served the sentence imposed on him by the military tribunal. U. S. v. Reaves, 126 Fed. 127, 60 C. C. A. 675, followed.

Petition for Writ of Habeas Corpus.

Seiders, Marshall & Sturgis, for petitioner.

Arthur Chapman and Isaac W. Dyer, Asst. U. S. Dist. Attys., for respondent.

PUTNAM, Circuit Judge. So far as this application for a writ is concerned, In re Carver (C. C.) 103 Fed. 624, applies, and the writ must issue. That, however, may not be the end. By the admissions in the pleadings this young man was in the service of the United States when he left the post in Vermont, and is a deserter. The fact that he enlisted without the consent of his parents did not entitle him to leave the army until a proper application had been made by the father, not to an officer commanding a post, but to the courts or to the Secretary of War, to have him discharged. When he left the post in Vermont he was in the service of the United States, and lawfully bound there. Neither the fact that he did not obtain the consent of his father, nor the fact that he was in the service of the National Guard of the state of Maine, rendered his enlistment void; so that he was at that time, de facto, and de jure, in the military service of

the United States, and, perhaps, liable to be punished as a deserter under the articles of war, and under section 1998 of the Revised Statutes [U. S. Comp. St. 1901, p. 1269]. If punished under the latter statute, he might lose his rights as a citizen, and be debarred from ever holding any federal office.

The case cited by the District Attorney from the Court of Appeals for the Fourth Circuit (Solomon v. Davenport, 87 Fed. 318, 30 C. C. A. 664) is not analogous to this case, because there a warrant had issued from a United States commissioner, and the petitioner was himself the enlisted man and then in custody by virtue of that warrant. In the present case, as I have stated, the circumstances are exactly like those of In re Carver.

It should be distinctly understood, however, that, although the writ of habeas corpus must issue, and the young man must be discharged from the service, this does not amount to a decision that he may not be proceeded against in the federal courts of Vermont as a deserter, or for fraudulent enlistment. I shall order writ to issue, returnable Saturday of next week, thus giving the federal authorities an opportunity to proceed in the civil courts. If, meanwhile, they proceed, and a proper warrant issues, I may direct the young man to be turned over to the custody of the officer holding the warrant, when he is brought in on the writ of habeas corpus; and the young man and his friends will consider whether they deem it for his benefit to remain in the army, or to take the chances of his being punished criminally under the statutes of the United States.

The writ will issue, returnable on Saturday of next week.

## On Rehearing.

Since the order directing a writ to issue was entered on December 28, 1905, according to the opinion passed down that day, it has appeared by the return to the writ, and by the proofs submitted to the court, that Carver, the enlisted man, had been arrested as a deserter before the petition for the writ was filed, and that, since the writ was ordered to issue and before return thereof, charges against him as a deserter had been duly made and a court-martial in pursuance thereof ordered. Under like circumstances the Circuit Court of Appeals for the Fifth Circuit on December 7, 1903, in United States v. Reaves, 126 Fed. 127, 60 C. C. A. 675, ordered the writ to be discharged. Pursuant to the practice in this circuit with reference to conforming to decisions of the Circuit Courts of Appeals in other circuits, in Re Lessard (C. C.) 134 Fed. 305, United States v. Reaves was followed in the Circuit Court for the District of New Hampshire on January 5, 1905. Therefore, without undertaking to state the views of the court as now constituted with reference to the questions involved in the cases cited, we must follow the decisions named.

It is ordered that the writ of habeas corpus issued pursuant to. the order of December 28, 1905, be discharged without prejudice, and the same is hereby discharged.