In re SCOTT.

(Circuit Court of Appeals, Ninth Circuit. February 19, 1906.)

No. 1,314.

HABEAS CORPUS—ILLEGAL ENLISTMENT OF MINOR IN ARMY OR NAVY—DISCHARGE PENDING PROCEEDINGS OF COURT MARTIAL.

While the enlistment of a minor in the army or navy of the United States without the written consent of his parents and against the prohibition of the statute is voidable at the instance of his parents,

so long as the minor remains in the service he is amenable to the military law, and the civil courts will not interfere to discharge him on habeas corpus on petition of his parents, if at the time of the presentation of the petition for the writ he is under arrest and being held on any charge cognizable by a military court, nor until the termination of the military proceedings and the expiration of his sentence, if any be imposed therein.

Original Proceeding. On petition for writ of habeas corpus.

W. Rigby & Rigby and Wal. J. Tuska, for petitioner.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge. Edward E. Scott presents his petition for a writ of habeas corpus, alleging that his son, Charles E. Scott. is a minor of the age of 19 years, whose parents reside in the state of Michigan; that on October 27, 1905, Charles E. Scott enlisted in the Marine Corps of the United States at Bay City, Mich., and that said enlistment was without the knowledge or consent of his parents; that he is detained at the camp of marines at Goat Island, Cal., by Bowman H. McCalla, Rear Admiral of the United States Navy and commandant at the Mare Island Navy Yard and Station, and by Lincoln Karmany, lieutenant colonel of the United States Marine Corps, commanding the Marine Barracks at Mare Island Navy Yard, and by A. T. Marix, captain of the United States Marine Corps, commanding the company of marines stationed at Goat Island, Cal.; that the grounds of said detention, restraint, and confinement are, first, that said Charles E. Scott enlisted in the Marine Corps and is an enlisted member thereof, and, second, "that the said Charles E. Scott is held by the said A. T. Marix, captain, commanding the company of marines stationed at Goat Island, Cal., under an order of arrest on a charge of fraudulent enlistment in said United States Marine Corps, preferred against the said Charles E. Scott by the said A. T. Marix to the Brigadier General, commandant of the United States Marine Corps at Washington, D. C., for fraudulent enlistment, and that a copy of said charge of the said A. T. Marix, captain commanding said company of marines at Goat Island aforesaid, was served upon the said Charles E. Scott on the 7th day of February, 1906, and that said charges are pending and undetermined against the said Charles E. Scott."

The enlistment of Charles E. Scott in the Marine Corps of the United States makes him a soldier and a member of that corps, notwithstanding his minority, and until his discharge he is amenable to the military law. Since the decision of the Supreme Court in Morrissey's Case, 137 U. S. 157, 11 Sup. Ct. 57, 34 L. Ed. 644, it is the settled law that the enlistment of a minor in the army or navy without the written consent of his parents or guardian and against the prohibition of the statutes of the United States is not void, but voidable only; that it is good as to the minor, but voidable at the instance of the parent or guardian. But, notwithstanding that such an enlistment is voidable, the civil courts will not upon habeas corpus interfere to discharge one who has thus enlisted, if at the time

of the presentation of the petition for the writ he has been arrested and is being held on any charge cognizable by a military court. It does not follow from the fact that such an enlistment is voidable that the enlisted minor may obtain immunity from prosecution for an offense committed by him against the law of the United States. The proceedings of a court martial, acting within its jurisdiction, will not be interfered with nor will its judgment be avoided by the civil courts. Smith v. Whitney, 116 U. S. 167, 6 Sup. Ct. 570, 29 L. Ed. 601. There is nothing in the petition which is before us to show that the naval authorities are not proceeding within their jurisdiction. By section 3 of the act of July 27, 1892 (27 Stat. 277, 278, c. 272 [U. S. Comp. St. 1901, p. 945]), it is provided "that fraudulent enlistment and the receipt of any pay or allowance thereunder is hereby declared a military offense and made punishable by court martial under the sixty-second article of war." Under that section, the petitioner shows, proceedings have been instituted, and while those proceedings are pending this court must decline to issue the writ. Solomon v. Davenport, 87 Fed. 318, 30 C. C. A. 664; In re Kaufman (C. C.) 41 Fed. 876; In re Miller, 114 Fed. 838, 52 C. C. A. 472; United States v. Reaves, 126 Fed. 127, 60 C. C. A. 675.

The petition will be denied, but without prejudice to the petitioner o renew the same at the termination of the military proceedings and the expiration of the sentence, if any be imposed thereunder.