## MOORE ex ux. v. UNITED STATES et al.

(Circuit Court of Appeals, Fifth Circuit. March 31, 1908. Rehearing Denied April 29, 1908.)

### No. 1,765.

HABEAS CORPUS—ARMY—ENLISTMENT—MINORS.

> Where the record in a habeas corpus proceeding to procure the discharge from the army of an enlisted soldier does not show, except by ex parte affidavit attached to the petition, that he was a minor when he enlisted or that his enlistment was without his parents' consent, and where the return of the military commandant, alleging due enlistment for an unexpired term, desertion, surrender, commitment to the commandant, and confinement under pending charges for the desertion, was not traversed, the writ was properly denied.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Habeas Corpus, § 70.]

Appeal from the District Court of the United States for the Eastern District of Louisiana.

Charles P. Cocke, for appellants.

Rufus E. Foster, U. S. Atty., for appellees.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. The case does not show, except by ex parte affidavit of Mrs. Moore attached to the petition for habeas corpus, that Au-

burn Moore was a minor when he enlisted in the United States military service, or that his enlistment was without the consent of his parents. The case was submitted in the lower court on the return of the military commandant, as follows:

"That the said Auburn Moore was duly enlisted as a soldier in the service of the United States at Columbus, Ohio, on February 6, 1907, for a term of three years. That the said Auburn Moore deserted said service at Ft. William Henry Harrison, Mont., on December 19, 1907, and remained absent in desertion until he surrendered himself at Jackson Barracks, New Orleans, La., January 3, 1908, and was thereupon committed to the custody of the respondent as the commanding officer of the post of Jackson Barracks. That the said Auburn Moore has been placed in confinement charged with said offense, and formal charges against him therefor are being prepared, and that he will be brought to trial thereon as soon as practicable before a court-martial to be convened by the commanding general of the Department of the Gulf."

This return was not traversed, and we are not authorized to go outside thereof for the facts in the case. By the return the case is to be controlled by our decisions in Miller v. United States, 114 Fed. 838, 52 C. C. A. 472, and United States v. Reaves, 126 Fed. 127, 60 C. C. A. 675.

The judgment of the District Court must be affirmed.

When the charge of desertion against Auburn Moore has been disposed of, or if the military authorities do not proceed thereon within a reasonable delay, the appellants can renew their application for a writ of habeas corpus.