### Ex parte LEWKOWITZ.

(Circuit Court, S. D. New York. August 14, 1908.)

HABEAS CORPUS—AUTHORITY FOR RESTRAINT—ENLISTMENT OF MINOR.

A minor, who by misrepresenting his age has fraudulently enlisted in the army without the consent of his parents, and thereby subjected himself to punishment under military law, will not be relieved from such punishment by the civil courts by discharging him on a writ of habeas corpus on the application of his parents, even though the military prosecution is not instituted until after the writ was issued.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Habeas Corpus, § 6.]

Habeas Corpus.

Lewkowitz & Schaap (Samuel S. Koenig, of counsel), for petitioner.
Henry L. Stimson, U. S. Atty., and Winfred S. Denison, Asst. U. S. Atty.

HOLT, District Judge. This is a writ of habeas corpus to obtain a minor's discharge from the army. The petition alleges that the petitioner's son is 18 years old and that he enlisted without his father's consent. The return admits the son's minority and his enlistment without his father's consent. It then alleges that when he enlisted he represented himself to be upwards of 21 years of age; that after enlistment, and before August 1, 1908, the date when the petition for the writ of habeas corpus was verified, he received allowances from the supply department of the United States army; that on August 3, 1908, he was placed in confinement on charges of fraudulent enlistment and receipt of allowances thereunder, brought under the act of July 27, 1892; that such charges had been referred to a court-martial for trial; and that such minor was now held awaiting such trial. It is admitted that the writ of habeas corpus was issued before the charges of fraudulent enlistment were made.

Section 1117, Rev. St. U. S. (U. S. Comp. St. 1901, p. 813) provides as follows:

"No person under the age of twenty-one years shall be enlisted or mustered into the military service of the United States without the written consent of his parents or guardians: Provided, that such minor has such parents or guardians entitled to his custody and control."

Act July 27, 1892, c. 272, § 3, 27 Stat. 277 (U. S. Comp. St. 1901, p. 945), provides as follows:

"That fraudulent enlistment and the receipt of any pay or allowance thereunder is hereby declared a military offense and made punishable by court-martial."

It is well settled that an enlistment in the army by a minor without his parents' consent is valid as to the minor, although voidable, under section 1117 of the U. S. Revised Statutes, on the application of the parent. Re Morrissey, 137 U. S. 157, 11 Sup. Ct. 57, 34 L. Ed. 644; Re Miller, 114 Fed. 838, 52 C. C. A. 472. As the enlistment is valid as to the minor, any military offense committed by him after or in connection with his enlistment may be punished; and the fact that he enlisted without his parents' consent, or that, after the military authorities have instituted proceedings against him, his parent has instituted legal proceedings for his release, does not deprive the military authorities of the power to punish. Re Scott, 144 Fed. 79, 75 C. C. A. 237; Moore v. U. S. (C. C. A.) 159 Fed. 701; Re Dowd (D. C.) 90 Fed. 718; Re Carver (C. C.) 142 Fed. 623.

But the counsel for the petitioner claims that, as the writ of habeas corpus was issued before the charges of fraudulent enlistment were made, this court has a right to discharge the minor, notwithstanding the pendency of the charges before the court-martial, under the general doctrine that a court which first obtains jurisdiction cannot be prevented from exercising its jurisdiction by the pendency of any subsequent proceedings in any other court. This was originally held in construing this statute. Re Carver (C. C.) 103 Fed. 624; Re Houghton (C. C.) 129 Fed. 239. But in my opinion these cases are substantially overruled by the later cases above cited, and the rule now is that, if a military offense has been committed by an enlisted minor,

a proceeding brought by his parent to procure his discharge will not be permitted to accomplish the result of barring his prosecution and punishment by military law.

It is argued that such a ruling practically nullifies the provision of the Revised Statutes prohibiting the enlistment of minors without their parents' consent, as in such cases the minor habitually represents himself of age, and thereby is guilty of a fraudulent enlistment, and immediately is furnished with his uniform, and thereby receives an allowance from the government. But the recruiting officers of the army ought to be freed from the nuisance of enlistments which may at any time be nullified; and there is no objection to having a boy under age, who, without his parents' consent, and by falsehood, has succeeded in getting admitted to the army, subjected for a reasonable time to such wholesome discipline as he presumably needs. When the petitioner's son has been properly punished for his fraudulent enlistment, he will be entitled to be discharged on his father's application.

The present writ is dismissed. Another writ may be taken out, if the boy is not discharged after the court-martial has passed on his case and he has complied with any sentence it may have rendered.