UNITED STATES ex rel. LAIKUND v. WILLIFORD.

(Circuit Court of Appeals, Second Circuit.   January 12, 1915.)

No. 169.

1. HABEAS CORPUS &⟹16—ENLISTMENT OF MINOR—ARREST FOR FRAUDULENT
  ENLISTMENT.
      Under Rev. St. § 1117 (Comp. St. 1913, § 1885), providing that no per-
  son under the age of 21 years shall be enlisted into the military service
  without the written consent of his parents or guardians, while the parent
  or guardian of a minor, who has not consented to his enlistment, may re-
  claim the custody of the minor, where a minor who falsely stated his
  age when enlisting was arrested for fraudulently enlisting in violation
  of the sixty-second article of war after the service of a writ of habeas cor-
  pus sued out by his mother, but before the hearing thereon, he would not
  be taken from the custody of the military authorities, in view of Rev. St.
  § 761 (Comp. St. 1913, § 1289), providing, relative to habeas corpus, that
  the court shall dispose of the party as law and justice require.
      [Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 16;  Dec.
  Dig. &⟹16.]

2. HABEAS CORPUS &⟹1—SCOPE OF INQUIRY.
      The writ of habeas corpus is not designed to pass upon the merits, but
  merely to determine the cause of detention, and whether the detention is
  lawful.
      [Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 1, 3;
  Dec. Dig. &⟹1.]

3. ARMY AND NAVY &⟹19—FRAUDULENT ENLISTMENT—PUNISHMENT.
      A minor, who in enlisting stated that he was over 21, was punishable,
  if found guilty of having fraudulently enlisted in violation of the sixty-
  second article of war.
      [Ed. Note.—For other cases, see Army and Navy, Cent. Dig. §§ 45–50;
  Dec. Dig. &⟹19.]

Appeal from the District Court of the United States for the South-
ern District of New York.

G. C. Young, of New York City, for appellant.

Earl B. Barnes, Asst. U. S. Atty., of New York City, for appellee.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

WARD, Circuit Judge.   March 7, 1914, Nathan Love enlisted in the
United States army, stating that he was 21 years and 5 months of age,
whereas in fact he was 2 years younger, and thereupon received the
clothing and allowance that are regularly issued to enlisted soldiers.
August 29th he made written application for his discharge, supported
by the affidavits of his mother and grandmother, to the effect that he
was when enlisted and still was an infant, that his mother had never
given consent to his enlistment, and that his services were necessary
to the support of his grandmother, who had brought him up, was not
able to support herself, and was without support; her daughter having
married again.   This application was denied, on the ground that the
regulations of the War Department restricted the privilege of pur-
chasing a discharge to soldiers who have served at least one year prior
to the application.

[1] October 5th a writ of habeas corpus at the relation of Love's mother was served upon the military authorities, and upon the same day, but after the service of the writ, Love was arrested and confined upon the charge of having fraudulently enlisted in violation of the sixty-second article of war. Judge Mayer dismissed the writ and remanded Love, feeling bound by the decision of Judge Holt in Ex parte Lewkowitz, 163 Fed. 646. We think he was clearly right in following this decision. There have been many irreconcilable cases in the lower courts in habeas corpus proceedings taken to obtain the discharge of minors who have enlisted in the United States army or navy. Sections 1116 and 1117, Rev. St. U. S. (Comp. St. 1913, §§ 1884, 1885), read as follows:

"Sec. 1116. Recruits, enlisting in the army, must be effective and able-bodied men, and between the ages of sixteen and thirty-five years, at the time of their enlistment. This limitation as to age shall not apply to soldiers re-enlisting.

"Sec. 1117. No person under the age of twenty-one years shall be enlisted or mustered into the military service of the United States without the written consent of his parents or guardians: Provided, that such minor has such parents or guardians entitled to his custody and control."

Some courts have held that such enlistments were wholly void, and that the minors never became soldiers or sailors, or subject to punishment for military offenses. Other courts have held that they were voidable at the option of the minor, and still others that they were only voidable upon the application of the parent or guardian. The Supreme Court, however, set most of these questions at rest in the case of In re Morrissey, 137 U. S. 157, 11 Sup. Ct. 57, 34 L. Ed. 644, holding that the enlistment was a good contract so far as the minor is concerned, which changed his status from that of a civilian to that of a soldier or sailor. A parent or guardian, however, who had not consented in writing to such enlistment, could reclaim custody of the minor.

[2, 3] The only question, therefore, is whether the fact of Love's arrest and confinement, after the writ was served, on the charge of his original fraudulent enlistment, is a good answer to the writ. Some cases, like Ex parte Houghton (C. C.) 129 Fed. 239, go on the theory that in such a case the civil court, having first got jurisdiction, supersedes subsequent proceedings by the military authorities to punish for military offenses committed either before or after the writ issued. This general principle regulating the relations of different courts of equal jurisdiction undertaking to dispose of the same matter we think does not apply. The writ of habeas corpus is not designed to pass upon the merits, but merely to determine the cause of the detention and whether the detention is lawful. Love would himself, of course, be punishable, if found guilty of the offense charged against him. Ex parte Lewkowitz, supra; United States v. Reaves, 126 Fed. 127, 60 C. C. A. 675. If the charge had been made and Love arrested before the writ issued, the return would certainly have been a good answer. His status could not have been changed in favor of his mother until he had made amends to the United States for his offense. In re Miller, 114 Fed. 838, 52 C. C. A. 472; In re Scott, 144 Fed. 79, 75 C. C. A. 237; Moore v. United States, 159 Fed. 701, 86 C. C. A. 569.

Section 761, Rev. St. U. S. (Comp. St.,1913, § 1289), reads:

"Sec. 761. The court, or justice, or judge shall proceed in a summary way to determine the facts of the case, by hearing the testimony and arguments, and thereupon to dispose of the party as law and justice require."

Law and justice do not, in our opinion, require Love to be withdrawn from the military authorities and relieved of liability for his offense in favor of his mother's right to his custody. This is the theory upon which In re Dowd (D. C.) 90 Fed. 718, proceeded; Judge De Haven saying:

"After that judgment has been fully executed, the petitioner will be entitled to his custody, unless he shall then stand charged with some other military offense, committed since the service of the writ issued herein; and, in view of the near expiration of the term of imprisonment fixed by such judgment, I deem it a proper exercise of discretion to not finally discharge the writ at this time. It is ordered that the said Thomas H. Dowd be remanded to the custody whence he was taken, there to remain until November 28, 1898, and that upon that day, at the hour of 11 o'clock a. m., he be, by the respondent herein, Herbert I. Choynski, produced before this court, and that the respondent then and there show cause, if any there be, why the said Thomas H. Dowd should not be then committed to the custody of the petitioner."

The order is affirmed without prejudice.