### Ex parte FOLEY.

#### (District Court, W. D. Kentucky. June 25, 1917.)

1. ARMY AND NAVY ⊕=19—ENLISTMENTS—RIGHTS OF PARENTS.

Under National Defense Act June 3, 1916, c. 134, § 27, 39 Stat. 185, providing that no person under the age of 18 years shall be enlisted or mustered into the military service of the United States without the written consent of his parent or guardian, provided such minor has such parent or guardian entitled to his custody or control, the parent of a minor under 18 years of age, who enlisted without her consent, is, in the absence of other reason why he should be retained by the military authorities, entitled to a judgment releasing such minor from the control of the military authorities.

---

⊕=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. ARMY AND NAVY ⊕⟶44(3)—ENLISTMENTS—MINORS.

Where a minor under 18 years of age, who enlisted without the consent of his parents, was, before they obtained his release on habeas corpus, arrested for a military offense, the question whether he was arrested before or after the issue and service of the writ is immaterial, with respect to the right of the military authorities to punish the minor for such military offense.

3. ARMY AND NAVY ⊕⟶44(3)—MILITARY OFFENSES—JURISDICTION.

National Defense Act, § 27, declares that minors under 18 years of age shall not be enlisted or mustered into the service of the United States without the consent of either parents or guardians entitled to their control. Articles of War (Act Aug. 29, 1916, c. 418) arts. 8, 9, 10, 39 Stat. 650 (Comp. St. 1916, § 2308a), authorize the appointment of general and special courts-martials. Article 12 declares that general court-martials shall have power to try any person subject to military law for any crime or offense made punishable by such articles, and any person who by the law of war is subject to trial by military tribunals, while article 54 declares that any person who shall procure himself to be enlisted in the military service of the United States by means of willful misrepresentation or concealment as to his qualifications, and shall receive pay or allowances under such enlistment, shall be punished as a court-martial may direct. A minor under 18 years of age enlisted without the consent of his parents, representing himself to be 20 years of age, and received allowances under such enlistment. *Held* that, while the parent of such minor was entitled to obtain his release from the custody of the military authorities by habeas corpus, yet such authorities had jurisdiction to try the minor by court-martial for the offense of fraudulent enlistment, and such jurisdiction could not be displaced by the act of the District Court in issuing a writ of habeas corpus.

4. ARMY AND NAVY ⊕⟶43—MILITARY TRIBUNALS—JURISDICTION—FEDERAL COURT.

Under Const. art. 1, § 8, cl. 9, giving Congress power to constitute tribunals inferior to the Supreme Court, clause 11, authorizing it to declare war, clause 12, giving it power to raise and support armies, and clause 14, giving it power to make rules for the government and regulation of the land and naval forces, Congress is authorized to create military tribunals and to confer upon them, as has been done by Articles of War, arts. 8, 9, 10, 12, jurisdiction to try military offenses, to the exclusion of the civil tribunals.

In the matter of Ivan Foley. Ex parte application by Mrs. Pearl Foley for a writ of habeas corpus against William A. Colston, Colonel of the First Kentucky Regiment of the National Guard. Writ denied.

Wm. L. Lucas, Jr., of Louisville, for petitioner.

Perry B. Miller, U. S. Atty., of Louisville, Ky., for respondent.

EVANS, District Judge. By the act of Congress entitled "An act for making further and more effectual provision for the national defense, and for other purposes," approved June 3, 1916, it was provided (section 58 [Comp. St. 1916, § 3044]) that:

"The National Guard shall consist of the regularly enlisted militia between the ages of eighteen and forty-five years, organized, armed, and equipped as hereinafter provided, and of commissioned officers between the ages of twenty-one, and sixty-four years."

It was further provided (section 69 [Comp. St. 1916, § 3044h]) that:

"The period of enlistment in the National Guard shall be for six years," etc.

By section 27 of the act it was provided that:

"No person under the age of eighteen years shall be enlisted or mustered into the military service of the United States without the written consent of his parents or guardian, provided that such minor has such parents or guardians entitled to his custody and control."

On the 20th of the present month Mrs. Pearl Foley filed a petition in which she alleged in substance that Ivan Foley was her son; that he was born on October 25, 1900, and consequently was much under 18 years of age, that a short time previously her said son, under the name of Ivan D. Foley, had enlisted as a soldier in the First Kentucky Regiment, commanded by William A. Colston, who is its colonel; that this enlistment was had without the knowledge either of herself or of her husband, the father of her son; and that neither she nor her said husband had ever consented to his enlistment. She stated that he was unjustly and wrongfully detained from her and was deprived of his liberty by the colonel of said regiment.

[1] Claiming the right to the custody and control of her son, the mother prayed that a writ of habeas corpus might issue, and that he might be released from military control under his enlistment and be restored to her custody. The writ was served. Young Foley was brought into court, and Col. Colston filed his response and return to the writ. It was not denied that the minor was under 18 years of age, nor that he had enlisted without the consent in writing of his father and mother, or either of them. This, if alone, would entitle the mother to a judgment releasing her son from the control of the colonel or other officer of the First Kentucky Regiment. This general proposition is not disputed, but other facts have been made to appear by the return and by the evidence which are claimed to be of a character to overcome that general rule.

[2] Preliminary to a discussion of those matters, a question raised by the petitioner may be disposed of. It grows out of the fact that the arrest of this soldier, upon the charges against him, was made after the issue and service of the writ. It is insisted that this fact cannot have the effect of displacing our jurisdiction, which had been previously acquired. True, some courts have held that the enlistment of a minor without the written consent of his parents was wholly void, and it was upon that view that the courts acted in those cases; but the contrary was settled by the Supreme Court in the case of Morrissey, 137 U. S. 157, 11 Sup. Ct. 57, 34 L. Ed. 644, where there was an application for a writ of habeas corpus by the soldier himself, and the court held that as between himself and the government he was competent to enter into the contract, whatever may have been the rights of the parents in the premises.

At the hearing in the instant case it was clearly shown that the arrest of Foley was made by the military authorities after the writ had been issued and served upon the colonel, and it is insisted that this fact is sufficient of itself to invalidate the return of the writ. But the weight of authority seems clearly to be that it is immaterial whether the arrest was made before or after the issue or the service of the writ. United States ex rel. Laikund v. Williford, 220 Fed. 291, 136

C. C. A. 273; In re Scott, 144 Fed. 79, 75 C. C. A. 237; United States v. Reaves, 126 Fed. 127, 60 C. C. A. 675; Dillingham v. Booker, 163 Fed. 696, 90 C. C. A. 280, 18 L. R. A. (N. S.) 956, 16 Ann. Cas. 127. These decisions by Circuit Courts of Appeal must be regarded as overruling decisions like those in In re Carver (C. C.) 103 Fed. 624, and Ex parte Houghton (C. C.) 129 Fed. 239, and other cases in the District courts.

[3, 4] Coming now to the return to the writ, we find that the material parts of it are as follows:

"The respondent, William A. Colston, upon whom has been served a writ of habeas corpus for the production of Ivan Foley, respectfully makes return to said writ and states that he is the colonel and commanding officer of the First Regiment of Infantry, Kentucky National Guard; and he and said regiment are now and have been continuously, since June 19, 1916, in the military service of the United States.

"Respondent further states that said Foley was duly enlisted, under the name of Ivan D. Foley, as a soldier of the Kentucky National Guard, in the service of the United States on June 1, 1917, at Louisville, Ky., for the term of six years; that on said June 1, 1917, the said Foley fraudulently and falsely represented to the recruiting officer, Capt. Ellerbe W. Carter, First Kentucky Infantry, that he was twenty years and seven months of age, and by means of said false and fraudulent misrepresentation procured his said enlistment, and since said date has received allowance thereunder.

"Respondent further says that on June 20, 1917, said Foley was placed in arrest, charged with the military offense of fraudulent enlistment, and that he, the said respondent, has since said time held said soldier by and under the authority of the United States, pending the time the case might be properly prepared and said soldier given a trial thereon before a military court.

"A copy of the charge against the said Ivan Foley, preferred on account of the military offense aforesaid, is filed as part hereof."

The charge made against young Foley and referred to in the return is as follows:

"Charge: Violation of the 54th Article of War.

"Specification: In that Private Ivan D. Foley, Company E, 1st Ky. Inf., N. G., did procure himself to be enlisted in the military service of the United States at Louisville, Ky., on June 1, 1917, by willfully concealing from Capt. Ellerbe W. Carter, First Kentucky Infantry, a recruiting officer, the fact that he was under the age of 18 years and representing to the said recruiting officer that he was above the age of 18 years on said last-mentioned date, and did thereafter, at Louisville, Ky., receive allowance under said enlistment.

"[Signed] Ellerbe W. Carter,
"Captain, 1st Ky. Inf., N. G.,     Officer Preferring Charges."

In support of the return, Col. Colston testified, and his statements were not contradicted, that Foley was now held in custody pending the early assembling and organization of a court-martial to try him on the charge above set forth, and the question is whether this return, taken in connection with the testimony, is sufficient to prevent, at least for the present, the release of Foley on the petition and clearly proved statements of the mother.

By an act entitled "An act making appropriations for the support of the army for the fiscal year ending June 30, 1917, and for other purposes," approved August 29, 1916, section 1342 of the Revised Statutes of the United States (Comp. St. 1916, § 2308a) was amended in many respects. Among the provisions thus enacted were the Articles of War now in force. Articles 8, 9, and 10 authorize the appoint-

ment of general and special courts-martial, and article 12, so far as now material, is in this language:

"General courts-martial shall have power to try any person subject to military law for any crime or offense made punishable by these articles, and any * * * person who by the law of war is subject to trial by military tribunals."

By Article 54 it was provided that:

"Any person who shall procure himself to be enlisted in the military service of the United States by means of willful misrepresentation or conceal- ment as to his qualifications for enlistment, and shall receive pay or allowances under such enlistment, shall be punished as a court-martial may direct."

It appears without contradiction that the general charge made against Foley is that he has been guilty of a violation of article 54, and the specifications in detail are set forth. It is entirely clear that his case comes literally within the provisions of the Articles of War which have been copied. Congress, having created the courts-martial unquestionably might define their jurisdiction, and not only did the statute define the jurisdiction of the courts-martial, but it defined certain military offenses, among them that which Foley is charged with having committed. It created the courts to try those offenses, and the jurisdiction of those courts over those offenses is exclusive of all other courts. This, we think, was clearly within the power of Congress under article 1, section 8, clause 9, of the Constitution, which gives Congress the power to constitute tribunals inferior to the Supreme Court, clause 11, which authorizes it to declare war, clause 12, which gives it power to raise and support armies, and clause 14, which gives it power to make rules for the government and regulation of the land and naval forces.

It needs no argument to show that while, in the absence of any charges against this soldier, his mother might claim him from the custody and control of the army, yet, now that a charge is made against him that he had committed a military offense, her rights must yield to the delay necessary for the trial of that charge, and for the enforce- ment of any sentence the court-martial may impose.

Some things which occurred at the hearing may make it well to say that the question before us is not whether Foley is innocent of the charge made against him, nor whether he, a boy less than 17 years old, should be punished for an offense possibly committed under impulses that were patriotic. All these matters, if proved, are for the exclusive consideration and action of the court-martial. The question for us to determine is whether the respondent has the lawful right to keep Foley in military custody until the charge against him has been fully dis- posed of. We think it entirely clear that Foley is in the lawful custody of the respondent, and that he must remain in that custody until dis- charged therefrom in due course of proceedings by the military tri- bunal.

It can hardly be supposed that prompt steps will not be taken to have a court-martial dispose of the case; but, should there be any unreasonable delay, the matter might be brought to the attention of the court. Inasmuch as the rights of the mother will be enforceable

after any sentence that the court-martial shall impose may have been carried into effect, we conceive it our duty to remand this soldier to the custody of the respondent, and to stay all proceedings under the writ and under the petition of the mother, until by her further pleading she has been able to show either that there has been unreasonable delay or that the obstacles now in her way have been entirely removed.

An order carrying these views into effect will be entered.